THE STATE, *Appellant*, v. LINTHICUM.

1. **Sending Threatening Letter.** Upon an indictment for sending a threatening letter, parol evidence is admissible to explain the meaning of the letter, if the language is ambiguous.
2. **Sending letter Threatening Criminal Accusation.** Under Wagner's Statutes, section 24, page 256, it is an offense to send a letter threatening to accuse one of any crime, a misdemeanor as well as a felony. The word "crime," as there used, has the signification fixed by Wagner's Statutes, section 36, page 516, and is not to be taken as limited or explained by the words "or felony" used in connection with it.

*Appeal from Harrison Circuit Court.*—HON. S. A. RICHARDSON, Judge.

Indictment for sending a threatening letter. The statute makes it a felony to send a letter "threatening therein to accuse any person of any crime or felony whatever." The letter was as follows:

"W. B. PIPER—*Dear Sir:* To make things satisfactory between you and me there are some old matters that must be settled, as we cannot get along as we should. That matter of McLay's and that matter in which you and me had a suit once, in which you was the cause of me paying $15.75 costs, besides about $10 to start with, making $25.75 besides the McLay amount.

"PIPER: I have at no time ever aimed to misuse you or to speak disrespectful of you, but on the contrary I think you have both with me, and if you expect to have anything more to do with me you must fix this matter satisfactory. It is a well settled fact that I never forget anything of this kind, and never forgive unless the circumstances require it, which is not the case in this. If you think that $25.75, and settle that McLay matter, would be any easier done than to pay five times $40, and probable cost, you probably had better see to it. I don't wish to do anything more than I ought, but I might do even more than this. Don't know as I can do so, but if you want to

pay me said amount you can do so, if not just let it alone."

The defendant moved to quash the indictment, because it did not set forth, by proper innuendo, the meaning of the different passages of the letter, because the letter did not contain any threat to accuse any one of any crime or felony whatever, nor indicate any intent or view to extort or gain any money or property belonging to another, because the indictment did not charge that the defendant threatened to accuse any one of a felony, nor of such infamous crime as would be calculated to put a man of ordinary firmness in fear nor of an offense that is both a crime and a felony.

This motion was sustained by the court, whereupon the State appealed.

*J. L. Smith*, Attorney-General, for the State.

*Shanklin, Lowe & McDougal*, with whom were *Alvord & Fawcett* for respondent.

HENRY, J.—The indictment specifically charges that by the letter, the defendant threatened to accuse Wm. B. Piper of the crime of selling intoxicating liquors without having a license. The language of the letter is ambiguous, but parol evidence is admissible to explain its contents. *People v. Braman*, 30 Mich. 463, and cases there cited. Whether it contained the threat alleged was a question for the jury. If it had been written in cipher, we presume that evidence to prove the signification of the characters employed would have been admissible. A contrary doctrine would enable one to violate the statute with impunity, by making his threats in such manner, that however well understood by the parties, other evidence would be necessary to make apparent to other persons what was intended.

It is contended, for defendant, that the words " or felony" in Wag. Stat., sec. 24, p. 456, limit and explain the

2. SENDING LETTER THREATENING CRIMINAL ACCUSATION. word " crime " with which they are connected, and that the phrase means any crime which is a felony, and that the crime for which it is alleged the defendant threatened to prosecute Piper, being only a misdemeanor, the indictment was properly quashed. Wag. Stat., sec. 36, p. 516, declares that " the terms ' crime,' ' offense ' and ' criminal offense,' when used in this or any other statute, shall be construed to mean any offense, as well misdemeanor as felony, for which any punishment by imprisonment or fine, or both, may, by law, be inflicted." This section is to be found in the statute in relation to crimes and punishments, as is also that section which makes the crime for which defendant was indicted a felony. The latter precedes the former in the statute, and we presume that the Legislature, in passing the 36th section, had not forgotten that the 24th had been enacted.

If, as contended by respondent, these words " crime " and " felony " in section 24 mean the same thing, the Legislature committed a singular blunder in defining the meaning of the word crime in one section of the statute, and employing the same word in another section of the same statute in a different sense, without any indication whatever that it was used in a sense different from that which was attached to it in the section expressly defining it. While all felonies are crimes, all crimes are not felonies, hence, if as we think clear, the Legislature intended to make the offense of sending a letter threatening to accuse one of a misdemeanor only, a felony, it was absolutely necessary to employ the word crime or some other appropriate word to embrace that class of offenses. The word felony might have been omitted because the word " crime " embraces all felonies, but that superfluity would not be any more open to criticism than the tautology would be, if the terms " crime " and " felony " in the section mean the same thing. In either case we have superfluous words. The language of the 36 section is conclusive, that

the position taken by respondent's counsel is wholly un-tenable.

The judgment of the circuit court is reversed and cause remanded. All concurring.

REMANDED.