72  461
32a 325
73  461
44a 470
73  461
45a 205

BORUM v. REED *et al., Appellants.*

1. **A Note Construed to be a Contract of Indemnity.**  A note was given in the following form:  " One day after date we, or either of us, promise to pay S. P. B. $1,153.10, with interest at eight per cent from date, value received.  This note for purpose of paying J. B. $87 ; paying J. R. A. $953.10; and all other debts which S. P. B. is security for." *Held*, that the note was intended as an indemnity to S. P. B., and that he could not maintain an action upon it until he had paid the debts for which he was surety.

2. **Form of Judgment in Attachment.**  A judgment in an attachment suit against a defendant who has appeared to the action, should be a general one, not a special judgment against the property attached.  Following *Kritzer v. Smith*, 21 Mo. 296.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED.

*Wallace & Chiles* for appellants.

The parties intended one of two things, either that plaintiff should assume the payment of the notes of Adam Reed to Amos and others, absolutely as of his own indebtedness, or that the Reeds thereby agreed to indemnify plaintiff against loss and damage in case he should be compelled to pay these notes of Adam Reed to Amos and others ; and the latter is the only fair construction to give the instrument, as there is no direct assumption and agreement in writing by plaintiff to pay these debts of Adam

Reed. Isaac H. Reed was but a security on this instrument for Adam, and his liability thereon is not to be extended by construction beyond the plain and obvious meaning of the instrument. *Blair v. Perpetual Ins. Co.*, 10 Mo. 560; *Cochrane v. Stewart*, 63 Mo. 424; *Wales v. Nelson*, 10 Mo. 19.

If plaintiff is permitted to recover in this case, then he recovers a sum of money from his principal that he has never paid and may never pay, and if, in such event, the principal should pay the debts himself, defendants would be put to a suit against plaintiff, a non-resident, to get back their money. The instrument cannot admit of a construction that would be followed by such results.

Even a deed absolute on its face, if given as security for a debt, will be construed to be a mortgage, and if the matter is in doubt, a court of equity will resolve that doubt in favor of the theory of a mortgage. *O'Neill v. Capelle*, 62 Mo. 202. The same liberal construction should be given to the instrument sued on in this case; and if the evidence, taken in connection with the contents of the instrument, shows that it was intended as a mere security and indemnity to plaintiff, it should be so held and treated.

The judgment is a special judgment with an award of special execution against the property attached. This is erroneous. Defendants having appeared and answered, none but a general judgment could go. Wag. Stat., 189, § 40; *Jones v. Hart*, 60 Mo. 357; *Huxley v. Harrold*, 62 Mo. 520.

*W. C. Robinson* for respondent.

NORTON, J.—This is a suit by attachment, commenced in the Jasper county circuit court, on a note, of which the following is a copy:

" $1,153 10-100.          JANUARY the 14th, 1878.
          One day
Six months after date we, or either of us, promise to pay S. P. Borum, or order, the sum of one thousand one

hundred and fifty-three dollars and ten cents, with interest at eight per cent from date, value received. This note for purpose of paying John Bonecuta the sum of $87; paying J. R. Amos $953 10-100; paying Dickson $8; and all other debts which S. P. Borum is security for.

A. REED,<br>I. H. REED."

Defendants appeared and filed separate answers, in which they alleged that the said instrument, after its execution, had been materially altered by the erasure of the words " six months," and the insertion of the words " one day;" that said alteration was made without their knowledge or consent, and had never been sanctioned by them, or either of them. The answer further set up that said obligation was given for the sole purpose of indemnifying plaintiff against loss by reason of his suretyship for defendant Adam Reed on a note to one Amos and other persons named; that said debts of Adam Reed to Amos and other persons remained unpaid, and that plaintiff had never paid any part of said debts, and that until such payment by him the obligation in suit was without consideration.

On the trial plaintiff had judgment, from which the defendants have appealed, and the material grounds of error assigned in the motions for new trial and in arrest are, that the judgment rendered was unauthorized, and that the court erred in refusing to give certain declarations of law asked by defendants, to the substantial effect that if the instrument sued on was intended merely to indemnify plaintiff against loss by reason of his having to pay, as security for Adam Reed, the debts mentioned therein, plaintiff was not entitled to recover, unless the evidence showed that he had sustained loss by making such payments.

That the instrument sued on was intended as a mere indemnity we think not only shown by the evidence of de-

Borum v. Reed.

1. A NOTE CON-
STRUED TO BE A
CONTRACT OF IN-
DEMNITY.
fendants as to what occurred when it was executed, which was received without objection, but also by the purpose expressed on the face of the writing. There can be no question that if the debts for which plaintiff was bound as the surety of Reed had been paid by Reed, no recovery could be had on the obligation sued upon, and it seems to be equally clear that before plaintiff could ask to be indemnified, he should be required to show that he had sustained loss by the payment of the notes against which he was to be indemnified. The fourth instruction asked by defendants substantially embraced the above principle, and should have been given.

2. FORM OF JUDG-
MENT IN ATTACH-
MENT.
The judgment rendered in the case directing and ordering, as it does, the sale of the attached property, is erroneous, according to the authority of the case of *Kritzer v. Smith*, 21 Mo. 296, where it was held that, in an attachment suit, where the parties are summoned or appear to the action, while the judgment should be a general one, it would be error to condemn the attached property to be sold "as under such a judgment the attached property need not be necessarily sold. If there is other property sufficient to satisfy the execution the defendant may surrender it, and have the attached property if he wills it." This case was followed in the case of *Jones v. Hart*, 60 Mo. 351.

For the above errors the judgment will be reversed and cause remanded, in which all concur.