The State v. Stewart.

THE STATE v. STEWART, *Appellant.*

1. **Criminal Law**: THREATENING LETTER: INDICTMENT: STATUTE. An indictment under Revised Statutes, section 1306, for sending a threatening letter with intent to extort money, which sets forth with particularity all the facts necessary to constitute the offence, in the language of the statute, is sufficient. It need not set forth a copy of the letter, but it is sufficient to describe it, according to its purport. R. S., sec. 1816.

2. ———: ———: PRACTICE: INSTRUCTION. A defendant in a

The State v. Stewart.

criminal cause will not be heard to complain of an error in his own favor, or of an error in instructions, where the same error occurs in those given at his own request.

8. ——: ——: ——. In a prosecution for sending a threatening letter for the purpose of extorting money, whether the letter contains the threat alleged is a question for the jury, where the language admits of doubt.

4. ——: SEVERAL COUNTS: GENERAL VERDICT. A general verdict will support a judgment upon an indictment containing several . counts, all relating to the same transaction.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED. ·

*W. O. Forrist* for appellant.

(1) The indictment in this case is not such as is guaranteed by sections 12 and 22, article 2, of the Bill of Rights. It should be an indictment good in substance at common law. *In re Slater*, 72 Mo. 106; *State v. Kelm*, 79 Mo. 515; *State v. Hayward*, 83 Mo. 304. The indictment at common law and guaranteed by the constitution is one that charges facts and not legal conclusions; one that answers the accused truly, when he demands the cause and nature of the accusation against him; one that states all the facts constituting the offence and necessary to be proven on the trial; so, one stating the facts as will enable the court to judicially determine on the face of it whether the crime sought to be alleged exists, and thus give the accused the benefit of a demurrer, if he desires to take the opinion of the court as to whether the alleged facts constitute the given offence; an indictment which sets out the essential facts with such particularity as will sustain a plea of former conviction or acquittal of the accused, should he be proceeded against again, and to enable the court to determine and see that the accused is put on trial for the

identical matters which were before the grand jury, and upon which the indictment was returned. To this extent are the authorities, English and American, including the opinions of this court. *State v. Hayward,* 83 Mo. 307; 1 Bishop Crim. Proc., secs. 81, 86, 88, 319; *United States v. Cruikshank,* 92 U. S. 542, 557; *Bradlaugh v. Regina,* E. L. R. 3; 2 B. D. 607; 1 Whart. Plead. and Prac. [8 Ed.] secs. 151, 166; *Biggs v. People,* 8 Bart. 547; 1 Starkie's C. P. 73; Staunford, 181; *Doud v. People,* 9 Bart. 675; *United States v. Cook,* 17 Wall. 174; Arch. Crim. Plead. [15 Ed.] 43; 2 Story on Con., sec. 1785. As an illustration and logical sequence of the foregoing characteristics of a constitutional indictment, every elementary writer upon criminal law in England and America, and every court of both countries, have concurred in holding that, at common law, where the offence consists of words written or spoken, such words must be set out in the indictment. This is most emphatically and notably so in indictments for sending threatening letters, the case at bar. Whart. Plead. and Prac. [8 Ed.] sec. 167, and authorities cited; 2 Russ. Crimes, [5 Ed.] 721; 2 East's Pleas of the Crown, chap. 26, sec. 2, pp. 1116, 1125; *Hunter's case,* 2 Leach, 631; 3 Chitty's Crim. Law [4 Ed.] 843; 1 Marsh. 522; 6 East, 418. The indictment in the case at bar is in no manner such a one as the constitution requires. (2) The court should have construed the letter. It was error to leave its construction to the jury.

*B. G. Boone,* Attorney General, for the state.

An indictment under section 1306, Revised Statutes, for attempting to blackmail by sending a letter threatening to accuse one of a felony, which clearly alleges the several facts which constitute the statutory offence, is sufficient, following the language of the statute. Under the common law it was necessary to set out the threaten-

ing letter according to its tenor. Arch. Crim. Plead. and Evid. [10 London Ed.] 606 ; 2 Bishop's Crim. Proc. [2 Ed.] secs. 1025, 1026. Our statute obviates the necessity of setting out the letter according to its tenor, the purport only being required. R. S., sec. 1816 ; Kelley's Crim. Law, sec. 587. The letter, having been properly described in the indictment, and, upon being produced and identified as the one admitted to have been written by the accused, it was properly admitted in evidence.

NORTON, C. J.—The defendant was tried and convicted under an indictment charging him with sending a letter to one R. G. Lee, threatening to charge him with stealing a flock of sheep, for the purpose of extorting money from him. It is claimed by counsel for defendant that the indictment is insufficient, and, therefore, the court erred in overruling his motion in arrest of judgment. The indictment is founded on section 1306, of the Revised Statutes :

" Every person who shall knowingly send or deliver, or shall make, and, for the purpose of being delivered or sent, shall part with the possession of any paper, letter or writing, with or without a name subscribed thereto, or signed with a fictitious name, or with any letter, mark or other designation, threatening therein to accuse any person of any crime or felony whatever, or to do any injury to the person or property of any one, with a view or intent to extort or gain any money or property of any description belonging to another, shall, on conviction, be adjudged guilty of an attempt to rob, and shall be punished by imprisonment in the penitentiary not exceeding five years."

The indictment in question contains four counts and sets forth with great particularity all the facts necessary to constitute the offence created by the above section, and in this respect follows the language of the statute, and is, therefore, sufficient. It does not, however, set

forth a copy of the letter alleged to have been written and sent, but only sets it forth according to its purport. It is insisted by counsel that the failure to set forth the letter *in haec verba* renders the indictment bad. This contention would be well founded, but for the fact· that it is provided by section 1816, Revised Statutes, as follows: "In all other cases, whenever it shall be necessary to make any averment in an indictment as to any instrument, whether the same consists wholly or in part of writing, print or figures, it shall be sufficient to describe such instrument by any name or designation, by which the same may be usually known, or by the purport thereof, without setting out any copy or *fac simile* of the whole or any part thereof." This section of the statute was before this court in the cases of *State v. Fisher*, 65 Mo. 437, and *State v. Clinton*, 67 Mo. 380, in one of which cases defendant was charged with the forgery of a deed, and in the other with the forgery of a note, and both indictments, which only set out the purport of the note and deed, were held to be valid. We cannot perceive any force in the argument of counsel, that the section above quoted is unconstitutional, in that it deprives defendant of his right to be informed of the nature and cause of the accusation against him. If the purport of the letter is correctly stated, he would be as fully informed of the nature of the charge against him as if set out *in haec verba*.

During the trial the following letter was received in evidence, it having been proved and admitted by defendant, to be the letter written by him and sent:

"New Florence, Mo., January 29, 1878.

"*Mr. R. E. Lee,*—

Dear Sir: It pains me to communicate this news to you—not only on your own account, but on your wife's and your aged father's and mother's, and your highly respected family at large. My wife lost a flock of sheep before our marriage, and since that time I have made it

my business to ferret out the matter, if possible, and find out who was the perpetrator of the crime, and it now appears, on the statement of a respectable citizen, that you are the man. Now, Mr. Lee, I don't wish to bring you into trouble, nor your family into disgrace, so you had better come forward and settle the matter at once and delay further trouble, as I do not wish to make the matter public; and if you will do so, we will be easy with you; otherwise, we will prosecute you to the end of the law.

"Respectfully,<br>
"A. B. STEWART."

This letter was objected to on the ground that it was not fully set out in the indictment, and because the purport of it was not correctly stated therein. The first ground of objection has already been disposed of in passing on the validity of the indictment, and, as to the second ground, it is not well taken, inasmuch as the purport of the letter is fairly and correctly averred in the indictment. There is no variance between the letter itself and the purport of it as alleged in the indictment. It is further objected that the court erred in instructing the jury that, if they believed defendant sent the letter in evidence to Randolph E. Lee, threatening therein to accuse said Lee of the crime of feloniously stealing, taking and carrying away a flock of sheep belonging to defendant's wife before her marriage with defendant, and that he so sent said letter with the intent to extort or gain any money or property of any description belonging to said Lee, they would find him guilty, etc.

In the second instruction the jury are told that, if "they believed, from the language of the letter and all other circumstances proved in the case, that defendant intended to threaten to accuse said Lee before any third person or persons with the crime of feloniously stealing, taking and carrying away a flock of sheep belonging to his wife before her marriage with defendant, and that

defendant so threatened for the purpose of extorting or gaining money from said Lee, and if they further believe such intent is expressed in said letter, then the jury should find him guilty, and it is wholly immaterial what words or language were used in said letter, if you believe from the evidence that such was the intent, and that such intent would be reasonably gathered and so understood by said Lee or other persons from said letter." These instructions are objected to on the ground that the court should have construed the letter, and not have left the determination of the question whether the letter contained a threat, and the intent with which it was made, to the jury. Conceding the correctness of the rule contended for, the error complained of is not a reversible error, for the reason that it was an error in defendant's favor, and the further reason that it was carried into the instructions asked for by defendant and given by the court. Besides this, there is a class of cases referred to by the case of *State v. Linthicum*, 68 Mo. 66, to which the rule does not apply, where defendant was indicted for sending a threatening letter, and it was held that whether it contained the threat alleged was a question for the jury.

It is claimed that, as there are several counts in the indictment, and that, as the verdict is a general one, the motion for new trial ought to have been sustained. This objection is answered by the case of the *State v. Core*, 70 Mo. 491, and the cases there cited.

We perceive no error in the record justifying an interference with the judgment, and it is hereby affirmed. All concur.