Naffzieger v. Reed.

NAFFZIEGER, *Appellant*, v. REED *et al.*

1. **Practice:** SPECIAL JUDGE BY AGREEMENT, POWERS OF.    Where the regular judge of the circuit is disqualified to sit in a civil cause, the parties may agree upon a special judge to try it (R. S. sec. 1111), who upon qualifying becomes the judge of the court for all the purposes of that suit, and his powers will not cease until the final determination of the cause.

2. ———— : ————.    The powers of the special judge, in such case, do not cease upon the expiration of the term of the disqualified judge of the circuit and the qualification of his successor ; in that event either the special judge or the newly qualified judge of the circuit may proceed to hear and determine the cause.

3. ———— : ————.    The fact that the plaintiffs filed an amended petition and sued out an *alias* writ of summons, after the qualification of the special judge, does not affect his jurisdiction ; this proceeding only resulted in bringing in the heirs of deceased plaintiffs and the suit remained the same.

*Appeal from Hickory Circuit Court.*—HON.  W.  I. WALLACE, Judge.

AFFIRMED.

*Amos S. Smith* and *R. A. Vance* for appellant.

Judge SELVIDGE had no jurisdiction in the case of Crank *v.* Naffzieger and consequently the decree rendered by him is void.

*W. R. Hudson* for respondent.

BLACK, J.—This is an action of ejectment. The defendants put in evidence a decree of the circuit court of Hickory county in a suit wherein John D. Crank and others were plaintiffs and Naffzieger and Masser were defendants, divesting the title to the lands in suit out of defendants and investing it in the plaintiffs. The contention is that the decree is void because rendered by a special judge, when the case should have been heard by the regular judge. The defendants in that case applied for a change of venue on the ground of prejudice of Judge FYAN, the then judge of that circuit ; and thereupon the parties to the suit agreed upon Mr. SELVIDGE, as special judge, who took the prescribed oath and made some orders in the cause at the November term, 1882. At the May term, 1883, the suit was dismissed as to two of the plaintiffs, and the death of two other plaintiffs was suggested. The remaining plaintiffs took leave to file an amended petition, and upon filing the same, making the heirs of the deceased persons parties plaintiff, the court ordered summons to be issued for defendants, returnable to the November term, 1883. The summons issued was in the form of an *alias* writ of summons, and was served and returned to the last mentioned term ; and thereupon defendants appeared and filed answers. Various proceedings were had before the special judge and at the May term, 1884, he made the decree. It is admitted that Judge ALTON was the judge of the Hickory county circuit court at the November term, 1883.

Where a special judge has been elected to preside on the trial of a criminal cause, we have held that under section 1879 he is a judge for the particular case until there is a full and complete disposition of the same. If the case is continued from term to term his powers continue. If his judgment is reversed by this court he may retry the cause. *State v. Davidson*, 69 Mo. 509 ; *State v. Sneed*, 91 Mo. 555. These cases go upon the

ground that when the statute speaks of a trial it means a full disposition of the cause.

Section 1107 provides, among other things, that when the judge for any reason cannot properly preside in a cause and the parties thereto "fail to agree to select one of the attorneys of the court to preside and hold court for the trial," an election of a special judge may be had. And by section 1111 the parties to such action may agree upon an attorney "to preside and hold the court for the trial of such action," who, "while so presiding," shall have all the powers of a circuit judge. The language of these sections is not materially different from that in section 1879, so far as the continuation of the powers of the special judge are concerned. When the defendants filed the affidavit of prejudice against Judge FYAN, he became disqualified; and when Mr. SELVIDGE took the oath, he became judge of the court for all the purposes of that suit; and his powers did not cease until there was a full determination of the litigation. As Judge ALTON was in no way disqualified, when he came upon the bench, he could have proceeded with the case just as with other undetermined causes in his court. But it does not follow from this that the special judge could not hold the court for the disposition of the particular case. Both were judges of the court, one having the power to dispose of the business in general, including the particular case, and the other having the power to preside in the one case. There has been a want of uniformity in the practice in different circuits in cases situated like the one in question, and the conclusion stated will uphold the judgments in such cases. There is no inconsistency in the proposition that either of two judges may hear and determine a given cause.

The fact that plaintiffs filed an amended petition and sued out an *alias* writ of summons is wholly immaterial. The proceeding thus had resulted in bringing in

the heirs of the deceased plaintiffs, and the case occupied the same position as if there had been only the suggestion of the death of the parties and an order to show cause why the suit should not proceed in the names of the surviving plaintiffs and the heirs of the deceased plaintiffs. It was the same suit from first to last. The decree is valid and the judgment in the case now before us is therefore affirmed. All concur except SHERWOOD, J., absent.