Scott v. The Mo. Pac. Ry. Co.

E. F. Scott, Respondent, v. The Missouri Pacific Railway Company, Appellant.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, January 6, 1890.*

1. **Construction:** PENALTY PLEADING: DEMURRER. In an action under the provisions of section 810, Revised Statutes, 1879, as amended, the petition is not demurrable because the plaintiff sues for the penalty therein provided for, for himself, and not as a common informer, as it is the intention of the legislature to give the penalty to the person whose property has been injured by reason of the failure to obey the statute, and neither the statute nor the constitution requires the penalty to go to the school fund.

2. **Trial Practice:** DAMAGES: PENALTY: JUDGMENT. Where a demurrer is overruled, and defendant declines to plead further, all the material allegations of the petition stand confessed, and, if the damages are unliquidated, a writ of inquiry of damages must be executed by a court or jury, and the damages shown by proof; but, where a maximum penalty is fixed by statute, there is nothing left for the court to do other than to render judgment, or the penalty, or such part thereof, as, in its discretion, it sees fit.

*On motion for rehearing.*

**Amendment of Statute:** HOW MADE. Under the constitution, the prefatory part of an act of the legislature is not an essential part of the act, and such prefatory part of an amendatory act, which states how the original statute is to be amended, is not required by the constitution, and is not an essential part of such act, and it is plain that the dates in the non-essential part must yield to those in the essential part, where the act, as amended, is set out in full.

*Appeal from the Pettis Circuit Court.*—Hon. Richard Field, Judge.

Affirmed.

*W. S. Shirk*, for the appellant.

(1) The demurrer should have been sustained. The petition does not state a cause of action: *First.* There is no allegation in the petition that plaintiff is entitled to the penalty sued for. This is a necessary allegation. *Vandeventer v. Vancourt*, 1 Pennington [2 N. J.] 168. *Second.* The statute under which the action is brought is a penal statute, and, in such actions, greater strictness of construction, both as to the *allegata* and the *probata*, is required. *Many v. Railroad*, 87 Mo. 278 on 281, and authorities cited; *Barnett v. Railroad*, 68 Mo. 56 on 62; *State ex rel. v. Railroad*, 19 Mo. App. 103. Where a penalty is not, by the express terms of the statute, given to some one else, it goes to the school fund. Const. Mo. 1875, art. 11, sec. 8; *Barnett v. Railroad*, 68 Mo. 56. And, when a penalty or forfeiture is declared, and no method of enforcing such penalty is declared, the remedy is by indictment. Ledgewide on St. & Con. Law. [2 Ed.] 205; *State v. Haynes*, 78 Mo. 600; *Tyman v. Walker*, 35 Cal. 634; *Parish v. Railroad*, 63 Mo. 284, on 286 and 287; *State ex rel. v. Railroad*, 19 Mo. App. 104. (2) The bill of exceptions shows that, upon the overruling of the demurrer, and defendant's refusal to plead further, the court, without hearing any evidence, or empanelling a jury to fix the penalty, rendered judgment for two hundred and fifty dollars. This was error. *Wetzel v. Waters*, 18 Mo. 396; *Robinson v. Lawson*, 26 Mo. 69; *Snider v. Railroad*, 73 Mo. 465. Of course the same rule applies to the fixing of the amount of the penalty as to the assessment of unliquidated damages, when, as in this case, the statute provides a penalty not exceeding five hundred dollars.

*G. W. Barnett & R. C. Sneed*, for the respondent.

(1) The petition states a good cause of action, and the demurrer was properly overruled. The petition

states facts which entitle plaintiff to recover the penalty sued for, and it is unnecessary to allege that plaintiff is entitled to recover. This would only be stating a conclusion or plaintiff's opinion. This is too plain a principle to need the citation of authorities. The petition need not allege to whom penalty is to go. *State v. Thrasher*, 7 At. Rep. (Me.) 815. (2) The penalty here does not go to the school fund. Article 2, section 8, of constitution of Missouri, does not attempt to prescribe who may be entitled to sue for and recover any given penalty, but only prescribes that the clear proceeds of all penalties collected by the county authorities, for the benefit of the county or state, shall be invested and preserved as a school fund, and said constitutional provision has no reference to penalties recovered by private individuals for their own use. See *Barnett v. Railroad*, 68 Mo. 56. (3) There was no necessity of the court hearing evidence or empanelling a jury, as defendant filed no answer, and the allegations of the petition must be taken as true. R. S. 1879, sec. 3545; *Hotel Co. v. Sauer*, 65 Mo. 279; *Bartholow et al. v. Campbell*, 56 Mo. 117; *Robinson v. Lawson*, 26 Mo. 69. The law fixes the amount of recovery at a penalty not exceeding five hundred dollars, and leaves it discretionary with the court as to the amount of the penalty. Evidence could not assist the court in fixing the penalty. Where the law fixes the measure of recovery, there need be no writ of inquiry. *Snider v. Railroad*, 73 Mo. 468.

SMITH, P. J.—This was an action under the provisions of section 810, Revised Statutes, as amended by the act of March 21, 1883 (Sess. Acts, 1883, page 50), for damages and penalty for the failure of the defendant to cause all the dead or dry vegetation and undergrowth upon the right of way, occupied by it, to be cleared off and burned up or removed twice in each year, for the purpose of preventing the spread of fire, and the destruction of property.

The defendant interposed a demurrer to the plaintiff's petition, for the reason that the same did not state facts sufficient to constitute a cause of action against it, which was overruled.    The defendant thereupon declined to further plead.    The court rendered judgment for want of answer for the penalty, to reverse which judgment the defendant has appealed.

I.    The defendant contends that the petition contains no allegation that the plaintiff is entitled to the penalty recovered, and in support of this contention cites *Vandeventer v. Vancourt*, 2 N. J. 123.    This case decides no more than that, when the penalty is either given to the state, the poor of the township or others, a common informer suing therefor must declare specially *qui tam*, in order that the interest of these who have right may appear of record and be asserted.    The statute just cited does not in terms, or by necessary implication, give the penalty therein provided to the state or the county, and therefore the said citation lends no support to the defendant's position.

The petition charges the defendant with the neglect of a statutory duty, in consequence whereof plaintiff's property was destroyed by fire, and he became entitled to recover therefor the damages and penalty provided by the said statute.    We think it is sufficiently alleged in the petition that the plaintiff is entitled to the penalty demanded, and that the allegations thereof bring him in the terms of the statute.

The statute in question is as defendant contends penal in its nature and must be strictly construed. But even applying the rule of strict construction invoked by the defendant we do not think that the result for which it contends by any means follows. The universal rule undoubtedly is that the purpose which the legislature had in view in the enactment of a statute must be gathered from the language employed in the statute itself.    *State v. Railroad*, 19 Mo. App.

104; *State v. Hays*, 78 Mo. 600; *Tyman v. Walker*, 35 Cal. 634.

The language of the statute under consideration is declarative of the purpose the legislature had in view by its enactment, that is to say, "for the purpose of preventing the spread of fire, and the destruction of property" of the adjacent proprietors. It is a matter of common information that, prior to the enactment of this statute, fires had frequently occurred which caused extensive damages to the property adjacent to some of the railroads in this state, in consequence of the failure by such railroads to remove the dry vegetation upon their right of way.

The occasional destruction of property adjacent to railroads by fire is incidental to the running and operation of such railroads through farms and pastoral lands. The legislature, to reduce the danger to property from this cause to its *minimum*, enacted the statute whereby it is made the duty of every railroad in this state to cause all the dead or dry vegetation and undergrowth upon their right of way to be removed twice in each year, and, to compel the observance of this duty, suitable damages and penalty were therein provided for the neglect thereof.

The defendant's contention is that the penalty provided by this statute goes to the county school fund, and not to the injured party who complains thereof. It seems to us that the statute in terms provides that the injured adjacent property-owner shall recover both the damages he has sustained, and also the penalty.

The exact language of the statute is that "any (railroad) corporation, company or person failing to comply with its provisions shall incur a penalty not to exceed five hundred dollars, and be liable for all damages done by said neglect of duty." Liable to whom? To the state or the county or the person who has suffered from the neglect of duty. The damages indisputably

are recoverable by the aggrieved, and why not the penalty as well? There is nothing in the language, which we have just quoted, that justifies the conclusion that the damages are to be recovered by the aggrieved party, and the penalty by the state or county for the use of the county school fund. If the legislature had so intended, it would have been so expressed in the statute itself.

The statute being penal, in the absence of any constitutional restriction, the legislature may lawfully make a disposition of the penalty imposed by it as will in its discretion best subserve the purposes of the enactment. Instead of giving the whole penalty to the state or the county, or dividing it and providing for a *qui tam* action, the whole penalty is given to the party who has been injured, and the method adopted is no doubt the most efficient one for the enforcement of the statute.

Section 8, article 11, cited from the constitution, provides that the clear proceeds of all forfeitures and penalties, and of all fines collected in the several counties for any breach of the penal or military laws of the state, shall belong to and be securely invested and sacredly preserved in the several counties as a county school fund. The enactment of penal laws and the imposition of penalties for their violation is a matter which the constitution has confided to the legislature. The constitution, it will be perceived, does not require that penalties imposed by statute shall accrue to the state, nor that any shall accrue; that matter has likewise been left to the legislature. Such penalties only as the legislature provides shall accrue to the state are to go to the county school fund under the constitution. *Barnett v. Railroad*, 68 Mo. 66. Since the penalty provided by the statute on which this action rests is not required by the constitution, or the statute itself, to go to the county school fund, it would seem but reasonable that such penalty should go along with the damages with which it is coupled by the terms of the statute. We think this

to be the meaning of the language employed by the statute.

II. The defendant, after the demurrer was overruled, having declined to further plead to the plaintiff's petition, nothing remained for the court to do but to proceed with the case upon the petition.

Under the statute governing practice in civil cases, section 3545, Revised Statutes, the material allegations in the petition were to be taken as true. There was then no issue of fact for the court to try. It is true that, in ascertaining the *quantum* of damages that the plaintiff had sustained by reason of the loss or injury to his property, the execution of a writ of inquiry was necessary. The rule is, that when the damages are not liquidated or when the law does not fix the measure of damages a writ of inquiry must be executed by a court or jury and the damages sustained must be shown by proof. *Wetzell v. Waters*, 18 Mo. 396; *Snider v. Railroad*, 73 Mo. 463.

But the claim made by the plaintiff for damages seems to have been abandoned by the plaintiff or ignored by the court for the record shows action by the court only in respect to the penalty. The judgment is only for the penalty. The material allegation in the petition, that the defendant had omitted its statutory duty, and that the plaintiff had been injured, thereby stood under the statute as admitted by the defendant, so that the court was bound to adjudge that the plaintiff was entitled to recover all of said penalty or some part thereof. The maximum amount of the penalty being fixed by the statute there was nothing left for the court to do other than to render judgment for the penalty or for such part thereof as in its discretion it saw fit. We are unable to discover any irregularity in the proceeding detrimental to the defendant or of which he ought to complain. We think the judgment for the right party, and should be affirmed, which is ordered accordingly. All concur.

## ON MOTION FOR REHEARING.

The learned counsel for the respondent insists that our decision is in direct conflict with the provisions of the act of March 21, 1883 (Sess. Acts, 1883, p. 50), for the reason that the legislature enacted that section 810, chapter 21, article 2, Revised Statutes, be amended, by adding to said section these words: "And it shall be the duty of every corporation * * * to cause to be mowed down and cleaned up all vegetation whatever, twice in every year * * * between the twenty-fifth day of June and the tenth day of July, and between the fifth and fifteenth of August in each year," etc. But said amendment provided that the said duty imposed should be performed "between the first and fifteenth of August and between the fifth and twenty-fifth of October in each year," and that, inasmuch as the omission of the said statutory duty, which is the ground of plaintiff's actions as charged in his petition, occurred between the last-named dates, the dates named in the amendment, the petition states no cause of action.

It is evident that there is discrepancy between the dates mentioned in that part of the act which declares how the said section 810, Revised Statutes, shall be amended and these mentioned in the amendment as passed by the general assembly. These dates being different, the question arises, whether the act, as it comes from the legislative hand, is of any validity, and, if so, then between which dates are the railway corporations required to perform the duty enjoined by the act.

If the prefatory part of the act is an essential part of it, then it is probable the whole act is incapable of enforcement, but, if not, then it is. The constitution provides that "No act shall be amended by providing that designated words thereof be stricken out, or that designated words be inserted, or that designated words be stricken out and others inserted in lieu thereof, not the

words to be stricken out, or the words to be inserted, or the words to be stricken out and those inserted in lieu thereof, together with the act or section amended shall be set forth in full, as amended." (Const., sec. 34, art. 4.) The constitution, therefore, simply requires that, where an existing statute is amended, the section or sections as amended must be set out in full.

Section 810, Revised Statutes, as amended is set out in full, by the amendatory act of 1883. This is in compliance with the constitution, and hence the amended section, as it appears in said act, is a valid legislative enactment. *Morrison v. Railroad*, 96 Mo. 602; *State v. Thurston*, 92 Mo. 325; *State v. Chambers*, 70 Mo. 626.

The prefatory part of the act which stated how said section 810, Revised Statutes, shall be amended is not required by the constitution, and is, therefore, not an essential part of the act. This being so, it is plain that the dates in the non-essential part of the act must yield to those in the essential part thereof.

The dates, between which the act imposes the said duty on the railway corporations, must be taken to be those mentioned in said section 810, as it is amended.

The petition of the plaintiff alleges the failure of duty by defendant to have occurred between the dates mentioned in the said section as amended, and must, therefore, be held good.

*Rehearing denied, January 6, 1890.*