D. K. HOLLIDAY, Respondent, v. W. W. H. MANSKER,
Appellant.

St. Louis Court of Appeals, April 21, 1891.

1 . Attachment: EXEMPTIONS. Where it appears that an attachment
defendant, entitled to exempt property to the amount of $300,
under section 4906 of the Revised Statutes of 1889, did not have
more than that amount of property, and where it does not appear
that he was notified of his rights of exemption by the officer levy-
ing on such property, it will not be presumed that he has waived
those rights, though he did not assert them until long after the
levy.

VOL. 44—30

Holliday v Mansker.

2. **Practice, Trial:** PRESERVATION OF EXCEPTIONS. Where no exception is saved to an amendment in the circuit court of the statement of the cause of action filed before the justice, the propriety of the amendment is not presented on appeal.

3. ———: POWERS OF SPECIAL JUDGE. Where a cause is tried before a special judge chosen by the parties, such special judge has the power and authority of the regular judge, and his authority continues until the cause is finally disposed of. *Held*, accordingly, that he may extend the time for the filing of a bill of exceptions in the cause beyond the term at which the trial was had, and may sign the bill within the time thus allowed.

4. **Attachment:** FORM OF JUDGMENT. When, in an action by attachment, there is either a personal service of the defendant, or personal appearance by him, the judgment must be general and not special.

*Appeal from the Shannon Circuit Court.*—HON. É. A. SEAY, Special Judge.

REVERSED AND REMANDED.

*James Orchard*, for appellant.

(1) A special judge agreed upon by the parties to try the cause of action has the same power and authority of a regular judge, and his authority continues until a full and complete determination of the case, and he was judge of the circuit court for all the purposes of the case; so says Judge BLACK. That would mean to try the cause and make any and all orders relative to the same, such as sustaining and overruling motion for new trial, and he could make an order of any kind that the regular judge would be authorized to make, and can make order to file bill of exceptions, as authorized by Revised Statutes, 1889, section 2168. *Naffzieger v. Reed*, 97 Mo. 87; *State v. Davidson*, 69 Mo. 509; *State v. Sneed*, 91 Mo. 555. (2) The judgment in this case is erroneous. The defendant was personally served and appeared, filed plea in abatement and took an appeal from the judgment of the justice, and the court rendered

a special judgment where it should have been a general judgment, which is error, and judgment should be reversed. *Kritzer v. Smith*, 21 Mo. 296 ; *Jones v. Hart*, 60 Mo. 351 ; *Borum v. Reed*, 73 Mo. 461.

*W. N. Evans*, for respondent.

There is no valid bill of exceptions in this case. The record shows that Hon. E. A. SEAY, as special judge, tried the cause, the regular judge having been of counsel, and, at the September term of the Shannon county court, Judge SEAY made an order permitting appellant to file bill of exceptions within ninety days, and it appears that the pretended bill of exceptions was signed in vacation, which the special judge had no power to do as his office had expired, and his power ended. R. S. 1889, secs. 2171, 3322; *Fulkerson v. Houts*, 55 Mo. 301 ; *Consaul v. Lidill*, 7 Mo. 251.

BIGGS, J.—This action was begun before a justice of the peace with an attachment in aid. There was personal service on the defendant, and a personal appearance by him to the action. When the case reached the circuit court on appeal, the circuit judge having been of counsel, the parties selected an attorney of the court to try the cause.

The grounds of attachment, as stated in the affidavit, were, that the defendant was a non-resident ; that he was about to remove his property out of the state, etc.; that he was about fraudulently to convey, remove or dispose of his property so as to hinder or delay his creditors. There was a fourth ground, but it was abandoned on the trial. The defendant filed a plea in abatement, and a trial was had before a jury. Under the instructions of the court the jury returned a general finding, sustaining the attachment. On the trial of the merits, the court, against the defendant's objection, permitted the plaintiff to amend his statement. Whereupon

the defendant declined to contest the action further. The court heard the plaintiff's proof and rendered a special judgment for the amount sued for, with directions that the attached property be sold.

On this appeal the defendant's counsel urges that the court committed error in refusing an instruction offered by him to the effect, that, if the defendant was a resident of the state of Missouri, and did not own more than $300 worth of property outside of household and kitchen furniture, then the property seized was not subject to attachment.

It is not disputed that the defendant was the head of a family, and the evidence introduced by him tended to show that all property, owned by him at the time of the seizure, was of less value than $300. The defendant himself testified that, at the time of the attachment, his property consisted of three horses, worth $215; a wagon and buggy, worth $30; a gun worth $20, and household goods worth from $50 to $75, making a total valuation of $265, exclusive of household goods.

We would have no trouble in disposing of this assignment in the defendant's favor, if the articles levied upon were such as are specifically exempt under section 4903 of the Revised Statutes of 1889. If this were the case, then, under the authority of *Burns v. Bangert*, 92 Mo. 167, and *State ex rel. v. Koch*, 40 Mo. App. 635, the plaintiff's right to maintain his attachment against the property seized would of necessity depend upon the fact, that the defendant was a nonresident. Our difficulty grows out of the fact that the gun and horse levied upon are not covered by the specific exemptions of the statute. The evidence showed that the defendant had three horses, whereas the statute specifically exempted two only. This extra horse was levied upon, and it and the gun were certainly liable to seizure, unless the defendant was entitled to claim and hold them as exempt under section 4906. If he was a resident of the state, and his property did not exceed in

value the amount claimed by him, this property under that section would certainly have been exempt, if the exemption had been claimed at the time of the levy. But it does not appear that the defendant made any such claim, or in any way attempted to assert his right to the horse and gun under this section. He did so for the first time on the trial of the plea in abatement. Now, if it appeared that he had been notified of his rights by the officer making the levy and failed then and there to exercise them, it would seem but just that he should thereafter be precluded from asserting them. He would be presumed to have waived them. But it is nowhere shown by the record that he was advised of the privilege afforded him by section 4906. Under such circumstances we think it would be unjust to deprive him of the full benefit of the exemption laws. *State ex rel. v. Emmerson*, 74 Mo. 607. The policy of the courts has been to construe the exemption laws quite favorably to the householder.

We, therefore, conclude that the court committed error in refusing the instruction.

It is next insisted by the defendant that there is no substantial evidence, upon which the finding of the jury on the plea in abatement can be upheld. We think he is right in this in respect of the first ground of attachment. We find no satisfactory evidence in the record that the defendant was not a resident of the state. The only testimony introduced by the plaintiff on this issue was that of two or three witnesses to the effect, that, sometime prior to the attachment, the defendant expressed himself as dissatisfied with Shannon county, and said that he intended to move either to Illinois or further west. It was, also, shown that his wife went to Illinois in October, but that she returned a short time after the attachment. On the other hand defendant's evidence tended to prove that he had been a resident of Shannon county for two years prior to the attachment, to-wit, from January 4, 1889; that he was

assessed as a resident taxpayer; that, in November, 1888, he rented a farm for the year 1889, and that, at the time of the attachment, he was in possession of the farm, and had moved some of his effects on it. It is impossible to extract from this record any satisfactory proof that the defendant was not a resident of this state. His declarations of an intention to become a non-resident certainly could not make him one.

The errors assigned by the defendant on the trial of the merits are: *First.* That the amendment to the original statement before the justice changed the cause of action from an open account to an account stated. *Second.* That a general instead of a special judgment ought to have been entered.

Upon the question of the propriety of allowing the plaintiff to amend his statement in the circuit court, it is sufficient to say that no exception was saved to this action by the defendant.

The other assignments must be sustained. Where there is either personal service or personal appearance in an attachment proceeding, the judgment must be general. *Kritzer v. Smith*, 21 Mo. 296; *Jones v. Hart*, 60 Mo. 351; *Borum v. Reed*, 73 Mo. 461; *Burnett v. McCluey*, 92 Mo. 230; *Maupin v. Mining Co.*, 78 Mo. 24.

Leave was given to file bill of exceptions within ninety days after the term. It is now insisted by the plaintiff that the special judge had no authority to sign the bill after the expiration of the term; in other words, that his authority as a special judge ceased with the term. The supreme court in the case of *Noffzieger v. Reed*, 98 Mo. 87, decided that, where parties agree on a special judge to try a cause, he has the power and authority of the regular judge, and his authority continues until the case is finally disposed of. This disposed of the plaintiff's objection adversely to him.

Under the view which we have taken of the evidence touching the question of non-residence, the fourth

and fifth instructions asked by the defendant ought to have been given. If the defendant was a resident of the state, then any attempted sale of his property, to authorize an attachment against him, must have been with the fraudulent intention to cheat, hinder or delay his creditors.

With the concurrence of the other judges, the judgment of the circuit court will be reversed, and the cause remanded. It is so ordered.