FIELDING J. RAWLINS, Appellant. v. ELI TIMONS et al.,
Respondents.

Kansas City Court of Appeals, April 24, 1899.

Trial, Practice: SPECIAL JUDGE: EXTENSION OF TIME TO FILE BILL OF
EXCEPTIONS. A special judge elected under section 3322, Revised
Statutes 1899, is invested with all the powers of a regular judge dur-
ing the period he shall act and continues until the case he tries is
finally disposed of and has authority to sign the bill of exceptions in
such case and he has exclusive authority to make an order for the
extension of time to file the bill of exceptions in vacation and the
regular judge has no such authority in such case.

*Appeal from the Livingston Circuit Court.*—HON. J. W.
ALEXANDER, Special Judge.

AFFIRMED.

S. J. JONES and A. W. MULLINS for appellant, filed brief
and argument on the merits.

JOHN E. WAITE, E. R. SHEETZ and FRANK SHEETZ for
respondents.

There is no bill of exceptions in this case, and nothing be-
fore the court except the record proper, and there is no error
therein.

SMITH, P. J.—This is an action on an instrument in
writing for the direct payment of money. The case was tried
by the Hon. J. W. Alexander, special judge of the court, who
had been elected under the authority conferred by section
3322, Revised Statutes. The defendants had judgment and
the plaintiff appealed.

At the term at which the judgment was rendered the court made an order allowing the bill of exceptions to be filed within sixty days thereafter. The plaintiff's attorney within the sixty days formulated and sent to the defendants' attorneys, for their approval, an order for the further extension of the time for filing of the bill, to be signed by Judge Broaddus, who was the regular judge of the court. The defendants' attorneys, on the receipt of this, made an indorsement thereon, to wit:

"Judge of the Seventh Judicial Circuit, in the State of Missouri; We have no objection to the extension to Sept. 1st if the time for filing has not elapsed." (Signed) "Sheets & Wait;" and then sent it to Judge Broaddus who signed the same. Within the time so extended the bill of exceptions was presented to the special judge who signed the same.

The question now presented for decision is, whether Judge Broaddus, or the special judge who tried the case, should have extended the time for filing the bill of exceptions? If the latter, and not the former, should have made the order it is clear the bill was not filed in time and must be disregarded by us. It is to be observed that the statute, section 2168, Revised Statutes, provides that the attorneys may agree in writing upon the extension of the time (the agreement to be filed with the clerk, etc.), irrespective of the action of the court or judge. State v. Ryder, 120 Mo. (loc. cit.) 93. It is thus seen there was no such written agreement of the attorneys entered into and filed by the clerk as is required by the statute. The extension was sought to be accomplished by an order of the regular judge in the vacation of the court so that it must depend for its validity upon the order of the judge and not upon the agreement of the attorneys.

TRIAL practice: special judge: extension of time to file bill of exceptions.

The statute, section 3326, Revised Statutes, invests a special judge with all the powers of the regular judge during the

period he shall act.     It has been held that the authority of a special judge in a case does not end with the term but continues until the case is finally disposed of, and that he has authority to sign a bill of exceptions in a case tried by him after the expiration of the term.     Holliday v. Mansker, 44 Mo. App. 465; Naffzieger v. Reed, 98 Mo. 87.     And this authority was recognized by the plaintiff, for it appears, as already stated, that he presented his bill of exceptions to the special judge for his signature.

If the record before us disclosed, as it does not, that the special judge was elected not because the regular judge was, under the statute—section 3323, *ante*—disqualified to try the present cause, but for a cause that did not so disqualify him, it may be that he would have been authorized to make the extension order as well as the special judge.     No good reason is seen why, in such case, either may not have made the order. There seems to be no inconsistency in this.     It is no more to be presumed that the special judge was elected for a cause that did not disqualify the regular judge to try the cause than for a cause that did.     There is no presumption to be indulged the one way or the other.

According to the reasoning of the two cases last cited the special judge was invested with the exclusive authority to make the order of extension.     In view of the record before us, we must think the action of the regular judge in the matter was the exercise of an unwarranted authority.     It follows from this that the bill of exceptions was not filed within the time authorized by the court, and can not be noticed here. The appeal has brought nothing here but the record proper in which no error appears.

The judgment will accordingly be affirmed.     All concur.