## THE STATE v. JOHN WHALEN, Appellant.

### Division Two, May 23, 1911.

1. **VOTING: In Wrong Precinct: Indictment: In Name to Grand Jurors Unknown.** Where defendant is charged with the offense of voting in a precinct wherein he had no lawful right to vote, the indictment is not invalid for that it charges he applied for and received a ballot in a name to the grand jurors unknown. That part of the indictment may be rejected as surplusage, since, if defendant had no lawful right to vote in the precinct, it is immaterial what name he voted upon or whether or not he gave any name at all.

2. ——: ——: **Instruction: In Name Not His Own.** Where defendant was charged with voting in a precinct of which he was not a legal resident and the instruction clearly required the jury to find that fact, it is not erroneous because it went further and required them to find he voted in a name not his own. If that were error it was error against the State, and not prejudicial to the defendant.

3. ——: ——: ——: **Embodying Charge.** An instruction which requires the jury to find that defendant "had no lawful right to offer and cast said ballot" sufficiently embraces the charge that he voted in said precinct "without having a lawful right to vote therein."

4. ——: ——: **Knowledge.** The State is not required to affirmatively show that defendant knew he was voting in a precinct in which he did not reside. It will be presumed that he knows where he lived, and proof that he knew he did not reside in the precinct is shown by proof that he was not registered as a voter in said precinct. Lack of knowledge of residence is a matter of defense.

Appeal from St. Louis City Circuit Court.—*Hon.
Eugene McQuillin*, Judge.

AFFIRMED.

*Grant Gillespie* and *C. Orrick Bishop* for appellant.

This indictment simply avers that appellant at the time and place mentioned applied for and received a ballot in and upon a name "to these grand jurors unknown;" it does not aver that the name was not his own nor that it was the name of any other person; for aught that appears from the indictment, appellant may have applied for and received a ballot in and upon his own name; the fact that the name may have been "to the grand jurors unknown" does not excuse them from alleging that it was not appellant's own name; and the use of the adjectives "falsely, fraudulently and feloniously" add no weight to the averment nor do they supply the omission. Nothing can be taken by intendment. True, it is not made an offense only to apply for and receive a ballot in a name not one's own, or in the name of any other person, and these words may be treated merely as inducement, but this indictment avers that it was this ballot, and no other, which was cast, for it proceeds to allege that appellant did then and there offer and cast said ballot and vote at said general election, etc., without averring that appellant voted in and upon any name not his own nor in and upon the name of another person. To have been criminal, appellant must have applied for and received the ballot in a name other than his own and voted it in a name other than his own; but this was not alleged. The court submitted to the jury the question whether appellant applied for and received a ballot "in and upon a name not his own and in and upon the name of another person," when there was no such charge in the indictment and no evidence whatever to

support it; also whether appellant offered and cast said ballot and voted "in and upon a name not his own and in and upon the name of another person," when there was no such charge in the indictment, and no evidence whatever to support it; also whether the appellant was a resident of and resided in the alleged precinct on the day of election, when there was no evidence that he did not reside in said precinct; also whether appellant then and there knew that he was not voting in his own name and had no lawful right to offer and cast said ballot and vote, when there was no evidence on which to base such an instruction. The indictment alleged that appellant voted at said election in said election precinct "without having a lawful right to vote therein" but this charge was not embodied in the instruction, nor were the jury instructed to consider it. In fact, the instruction submitted to the jury only those portions of the indictment which were insufficiently charged, and ignored the only valid charge which followed the statute 2120k. If the indictment was bottomed on R. S. 1899, sec. 2114, then the instruction was clearly error in misstating the punishment.

*Elliott W. Major,* Attorney-General, *Chas. G. Revelle* and *John M. Dawson,* Assistant Attorneys-General, for the State.

(1) The indictment in this case is predicated upon Sec. 4442, R. S. 1909. The indictment follows the language of the statute and is valid, sufficient and good. State v. Cummings, 206 Mo. 618; State v. Clancy, 228 Mo. 476; State v. Tiernan, 223 Mo. 147; State v. Exnicious, 223 Mo. 61. The fact that the judges and clerks of the sixth election precinct did not do their duty in taking the name of appellant, or knowing the name under which appellant applied for and received the ballot, or that he received the ballot without giving

his name or the name under which he voted, is no defense in this case. The evidence shows that he handed the ballot to the receiving judge and the receiving judge placed the same in the ballot box. This is a violation of the statute under which he is prosecuted. State v. Ryan, 60 Mo. App. 487. The indictment would be good if the words "in and upon a name to these grand jurors" were rejected as surplusage. It has always been held that the grand jurors may use the declaration in an indictment "to the grand jurors unknown." Bishop's New Crim. Proc., secs. 434, 438; Joyce on Indictments, secs. 399, 400; State v. Niehaus, 217 Mo. 332. (2) The instructions cannot be complained of by appellant because they went further and compelled the jury to find facts not necessary to that charge before they could convict the appellant. R. S. 1909, sec. 4442.

FERRISS, J.—Defendant was prosecuted in the St. Louis Circuit Court on the following indictment:

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present, that on the third day of November, one thousand nine hundred and eight, and in each ward and election precinct of said city of St. Louis, a general election was had and held pursuant to the Constitution and laws of the State of Missouri, for the choice and election of Presidential electors, state officers and city officers, to-wit, for the election of two Presidential electors at large, sixteen Presidential electors, Governor, Lieutenant-Governor, Secretary of State, State Auditor, State Treasurer, Attorney-General, Railroad and Warehouse Commissioner, Judge of the Supreme Court, Judge of the St. Louis Court of Appeals, Representatives in Congress, State Senators, Representatives in the State Legislature, three judges of the circuit court of said city of St. Louis,

of a circuit attorney, a sheriff, a public administrator, a coroner, and three members of the city council of the city of St. Louis, and then and there on said third day of November, 1908, at said city of St. Louis, at said general election, one John Whalen did appear at the polling place of the sixth election precinct of the fourth ward of said city of St. Louis, before the duly appointed, qualified and acting judges and clerks of election within and for the said election precinct of said ward, and did then and there falsely, fraudulently and feloniously apply for and receive a ballot in and upon a name to these grand jurors unknown, and in said election precinct did then and there falsely, fraudulently and feloniously offer and cast said ballot and vote at said general election, and for the officers aforesaid, without having a lawful right to vote therein, in this, to-wit, that he, the said John Whalen, was not on said third day of November, 1908, a resident and qualified voter in said sixth election precinct of the said fourth ward, and did not on said third day of November, 1908, reside in said sixth election precinct of the said fourth ward, and was not on said third day of November, 1908, entered and registered in the official registers and books of registration of said sixth election precinct of the fourth ward of said city as a qualified voter and elector of said sixth election precinct of the said fourth ward, all of which he, the said John Whalen, then and there well knew. And so the said John Whalen, at the said city of St. Louis, on the said third day of November, 1908, in the manner and form and by the means aforesaid, unlawfully, feloniously, willfully, knowingly, falsely and fraudulently did vote in said election precinct without having a lawful right to vote therein; against the peace and dignity of the State.''

This indictment is drawn under section 4442, Revised Statutes 1909, which, so far as it is material to this case, reads as follows:

"Any person who shall falsely impersonate a voter or other person, and vote, or attempt or offer to vote in or upon any name not his own, or shall vote or attempt to vote in or upon the name of any other person living or dead, or in or upon any assumed or fictitious name, or in or upon any name not his own; or shall knowingly, willfully or fraudulently vote more than once for any. candidate for the same office except as authorized by law; or shall vote, or  attempt or offer to vote in any precinct. without having a lawful right to vote therein, . . . shall, upon conviction thereof, be adjudged guilty of a felony, and shall be punished for each and every such offense by imprisonment in the penitentiary for not less than two years nor more than five years."

The evidence tended to show that the defendant, on the third day of November, 1908, voted at the general election held on that day, in the sixth election precinct of the fourth ward of the city of St. Louis. It is not shown by the evidence what name he gave, nor indeed that he gave any name at all. He was seen to hand to one of the judges of election a ballot which was placed in the ballot box. The evidence showed that he was not a resident and qualified voter of said sixth election precinct. It was proved by the records in the office of the election commissioner that he was not registered in such precinct. Officer McMullin, one of the witnesses for the State, testified that he had known defendant for .twelve or fifteen years, and that he was not a resident in that precinct at the time of the election.

The following instruction given by the court is challenged by the defendant:

"You are therefore instructed that if you believe and find from the evidence in this case that on the 3d day of November, 1908, a general election was had and held in each ward and election precinct of the city of St. Louis and State of Missouri, pursuant to law, for

the choice and election of Presidential electors and certain state and municipal officers, to-wit, for, the election of two Presidential electors at large, sixteen Presidential electors, Governor, Lieutenant-Governor, Secretary of State, State Auditor, State Treasurer, Attorney-General, Railroad and Warehouse Commissioner, Judge of the Supreme Court, Judge of the St. Louis Court of Appeals, representatives in Congress, State Senators, representatives in the State Legislature, three judges of the circuit court of said city of St. Louis, of a circuit attorney, sheriff, a public administrator, a coroner, and three members of the city council of the city of St. Louis, and that there was a polling place of said election in the sixth election precinct of the fourth ward of the city of St. Louis, Missouri, presided over by duly appointed, qualified and acting judges and clerks of election; and if you further believe and find from the evidence that the defendant, John Whalen, was not on said 3d day of November, 1908, a resident and qualified voter in said sixth election precinct of said fourth ward, and did not on said day reside in said election precinct of said ward, and was not on said day entered and registered in the official registers and books of registration of said election precinct of said ward as a qualified voter and elector of said election precinct of said ward; and if you further believe and find from the evidence in this case that said defendant, John Whalen, appeared at the polling place of said sixth election precinct of the fourth ward of said city of St. Louis, before the duly appointed, qualified and acting judges and clerks of election within and for said election precinct of said ward, and did then and there falsely, fraudulently and feloniously apply for and receive a ballot in and upon a name not his own, and in and upon the name of another person, and that said defendant did then and there falsely, fraudulently and feloniously offer and

cast said ballot and vote at said general election and for the officers aforesaid, or for any of them, in and upon a name not his own, and in and upon the name of another person, and that the defendant at the time that he offered and cast said ballot, if you find from the evidence that he did offer and cast said ballot, then and there knew that he was not voting in his own name, and had no lawful right to offer and cast said ballot and vote, then you will find defendant guilty as charged in the indictment and assess his punishment at imprisonment in the penitentiary at not less than two nor more than five years, and unless you so find from all the evidence in the case, you will acquit the defendant.''

I. The indictment charges that the defendant applied for and received a ballot in a name to the grand jurors unknown. It is claimed by the defendant that the grand jury could have ascertained the name under which the defendant voted by an examination of the poll book on which the name of the voter is entered at the time he votes. We think there is nothing in this claim. The defendant is charged in the indictment with the offense of voting in a precinct wherein he had no lawful right to vote, and that portion of the indictment which states that he applied for and received a ballot in and upon a name to the grand jurors unknown may be rejected as surplusage. [Sec. 5115, R. S. 1909.] If defendant had no lawful right to vote in the sixth precinct of the fourth ward, it matters not what name he voted under, or whether he gave any name at all.

II. It is further claimed by the defendant that inasmuch as there is no testimony showing that he gave any name when he voted, said instruction, which required the jury to find that he voted in a name not his own, was improper. On the other hand, it is contended by the State that the crime charged in the indictment was established when the evidence showed that the

defendant voted in the precinct wherein he was not registered and in which he did not live, and where, consequently, he had no right to vote, and that the fact that the instruction required the jury to find that he voted in a name not his own could not prejudice the defendant. The theory of the State is that inasmuch as the instruction required the jury to find from the evidence that the defendant had no lawful right to vote in said sixth precinct, and that the jury must so find in order to convict, the further requirement that the jury should find that he voted in a name not his own was, if anything, favorable to the defendant, because it imposed a greater burden upon the State than the law required. We are of the opinion that the theory of the State is correct. The indictment charged that the defendant voted in a precinct wherein he had no legal right to vote, and the jury were required by the instruction to so find. The fact that the jury were required to find further that he voted in a name other than his own did not prejudice the defendant. [State v. Butterfield, 75 Mo. 297; State v. Stewart, 90 Mo. 507; State v. Thornhill, 174 Mo. 364; State v. Hunter, 181 Mo. 316; State v. Sharp, 233 Mo. 269.]

III. It is contended by the defense that there is no evidence in the case that the defendant was not a resident and qualified voter of the sixth election precinct of the fourth ward. This claim is not supported by the record, as appears from the above statement of facts.

IV. The defense further claims that the indictment "alleged that appellant voted at said election in said election precinct 'without having a lawful right to vote therein,' and this charge was not embodied in the instruction, nor were the jury instructed to consider it." Upon this point the instruction says: "And that the defendant at the time he offered and cast said ballot (if you find from the evidence that he did offer

and cast said ballot), then and there knew that he was not voting in his own name, *and had no lawful right to offer and cast said ballot and vote,"* etc. We therefore think that the jury were sufficiently charged in this respect.

V. The defendant was properly and sufficiently charged under the statute with having voted in a precinct wherein he had no lawful right to vote, and wherein he knew he had no right to vote. The evidence that he did vote in that precinct, and that he had no right to vote therein, is undisputed, and the jury were justified in finding that he did this knowing that he had no right to vote in that precinct. It certainly is fair to presume that a man knows where he lives, and knows where he is registered, if registered at all. The State cannot be expected to make affirmative proof of such knowledge. If there is absence of the knowledge which the law requires, such fact, if it exists in a case like this, becomes a matter of defense.

The instruction in this case is not well drawn, in that it includes some matters which are not in evidence; but we are unable to say, under section 5115, Revised Statutes 1909, that there was any prejudicial error, especially as the jury assessed the punishment at two years, which is the lowest punishment prescribed by the statute. The judgment is affirmed.

*Kennish, P. J.,* and *Brown, J.,* concur.