BAUER v. THE KANSAS PACIFIC RAILWAY COMPANY, *Appellant.*

**Railroad Crossing**: FAILURE TO RING OR WHISTLE: NEGLIGENCE. A way provided by a railroad company across its own grounds for ingress to and egress from its depot is not a "traveled public road or street," within the meaning of Wagner's Statutes, sections 38, 39, page 310. The requirement that the bell shall be rung or the whistle sounded whenever the locomotive approaches within eighty rods of a crossing of such street or road, does not apply to such a way. Hence, if a train in crossing such a way runs over and injures property, the liability of the company is not fixed merely by showing failure to ring the bell or sound the whistle. There must be proof of actual negligence. Such failure may, however, be shown as evidence of negligence.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

Action to recover damages for injuries to plaintiff's horse and wagon. It appeared in evidence that the plaintiff had delivered a load of freight at the depot of the railroad company, and was in the act of driving out of the depot yard or grounds when a train belonging to the company, backing through the yard, ran over and maimed plaintiff's horse and broke his wagon. There were several tracks running parallel with each other. Plaintiff was crossing them at the place provided by the company for ingress to and egress from the depot. The contention between the parties was whether the bell was rung or the whistle was

sounded on the locomotive of the backing train as it approached the crossing, whether a number of empty cars left standing on one of the tracks so obstructed the view as to prevent the approach of the train being observed, and if so, whether they were unnecessarily there; also, whether the plaintiff kept a proper lookout. Upon these points both sides offered evidence.

The court, at the instance of the plaintiff, instructed the jury as follows: 1. If you find from the evidence that the plaintiff in the due course of his business, while crossing the defendant's railroad track, with his wagon and team, at the usual crossing of such track leading to or from defendant's depot, met with the accident complained of by reason of a collision with defendant's train of cars; and that the agents in charge of said train did not give the signals by ringing one bell for eighty rods before approaching said crossing and continuously up to and across the same; and that plaintiff was guilty of no negligence on his part in contributing directly to said collision, you shall find for plaintiff, provided you further find that the place where said accident occurred was used as a public road by consent of defendant, and that the said accident was caused by reason of the neglect of said agents of defendant to give such signal.

2. You are instructed that it is the duty of all railroad companies in passing through incorporated cities in this State to have a bell on each locomotive engine, and to ring it at a distance of at least eighty (80) rods from the place where any railroad train crosses any traveled public road or street, and be kept ringing until after crossing such road or street.

3. You are instructed that the plaintiff's right to use said crossing was not inferior or subordinate to that of defendant; that each had a right to use said crossing in a lawful manner, and each was bound to use caution, care and diligence to avoid accidents, and unless you find that the acts of the plaintiff were the direct and proximate

cause of the accident, you shall find for him, provided, the accident was produced by negligence on the part of defendant.

4. You are instructed that if you believe from the evidence that defendant's agents left standing a train or number of box cars unnecessarily upon the side track, and which obstructed the view of the approaching train from the point where plaintiff started from said depot, and that the same could not be and was not seen by plaintiff until too late to avoid the collision, and that by reason thereof said injury was produced, and that the plaintiff was not guilty of negligence on his part, which contributed directly to produce the injury, plaintiff must recover. But in determining whether plaintiff was guilty of negligence which contributed directly to produce the injury above mentioned, he should have exercised such care and prudence as a man of ordinary caution would have used in view of the situation of said box cars, and the failure to exercise such care was negligence on his part.

5. You are instructed that the law did not require the plaintiff to get out of his wagon and go to the track to look for the approach of trains, or to stand upon his wagon and go to the track in that position in order to obtain a better view, but he had a right to rely upon the presumption that the defendant's agents would use ordinary caution, care and diligence to avoid all accidents at said crossing. But should you find that said place of crossing was more than ordinarily dangerous to persons crossing said track, and was known to be so to plaintiff, he was bound to use such care and prudence as a man of ordinary caution would use under the circumstances.

6. You are instructed, if you find from the evidence that the crossing aforesaid is the only one leading to defendant's depot, and was, at the time the accident occurred, in constant use by persons transacting business with defendant, and the defendant had knowledge of the same, and permitted persons to continue in the use of the same

without protest or remonstrance, the defendant was bound to use the same precautions in the approach of trains to said crossing as is required of it in the approach of trains to traveled public roads and streets in cities.

7. It is admitted that the defendant was, at the time of this accident, the owner of the land over which this crossing was made.

There was a verdict and judgment for plaintiff, and defendant prosecuted this appeal.

*Pratt, Brumback & Ferrey* for appellant.

*Rucker Bros.* for respondent.

NAPTON, J.—The instructions given by the court in this case are obviously based upon the assumption that the road upon which the damage occurred, was a "traveled public road or street," within the meaning of the 39th section of article 2 of our statutes concerning railroad companies. 1 Wag. Stat., p. 310. That section requires not only the ringing of the bell of the locomotive, within eighty rods of such crossing, but it requires sign-boards, with painted advertisements in capital letters, of "Railroad Crossing—Look out for the Cars." The act of 1875, on the same subject, goes further, and requires planks to be laid and the road to be macadamized. Acts 1875, p. 130. A bare reading of the statute concerning roads and highways, (2 Wag. Stat., p. 1218,) is enough to satisfy any one that the road to the defendant's depot, on which this accident occurred, is not such a "traveled public road" as is referred to in the 38th section of the railroad law. Indeed, the court that tried this case seems to have been of that opinion, but to have, also, thought that the statutory rule in regard to crossing public roads might, with propriety and by analogy, be applied to the crossing of a road not public, within the statutory definition, but made public by the consent of the railroad company. Hence, the court, in the second instruction for plaintiff, recited the statute,

and declaring it applicable to all railroad companies passing through incorporated cities, applied it directly to defendant, and based the first instruction entirely on the ground of a failure to ring the bell within eighty rods of this crossing, provided the jury were satisfied that this road was used as a public road by consent of defendant. The 38th section of our statute had, in reality, nothing to do with the case. It did not fall within its provisions, nor within any other provision of the statute which we have been able to find. Who was responsible for the damage depended on common law principles, there being no statute relating to the case. If the railroad company was guilty of negligence, which occasioned the injury, without negligence on the part of plaintiff, it was clearly responsible. That negligence might consist in not ringing a bell or sounding a whistle, or in allowing an unnecessary accumulation of cars on its side-track to intercept a view of an approaching train, or in failing to use any other precaution which it was its duty to provide. The question is simply whether the defendant was guilty of negligence, and of this the jury are the judges. There is no statutory regulation on the subject.

In regard to contributory negligence on the part of the plaintiff, it is likewise a question for the jury. Whether the plaintiff ought, under the circumstances, to have gotten out of his wagon, or stood up on it in approaching the crossing, is a question for the jury. If he was guilty of contributory negligence he was, of course, not entitled to recover. It is unnecessary to notice the instructions in detail. The judgment must be reversed and the cause remanded. Judge SHERWOOD absent.

REVERSED.