HODGES v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, *Appellant.*

**Railroad Crossing**: FAILURE TO RING OR WHISTLE: NEGLIGENCE. A switch-crossing provided by a railroad company across its own ground for ingress to and egress from its depot, is not a "traveled public road" within the meaning of section 38, of the railroad act, (Wag. Stat., 310). Failure of a train approaching such crossing to ring a bell or sound a whistle does not, therefore, constitute a violation of that section; but whether it may not constitute negligence on the part of the company depends upon the circumstances of the case, and is a question of fact for the jury. (Following *Bauer v. K. P. Ry. Co.*, 69 Mo. 219.)

*Appeal from Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

*D. C. Allen* for appellant.

*W. H. Woodson* for respondent.

HOUGH, J.—This was an action to recover damages for injuries done to the plaintiff's wagon by one of the defendant's trains at a switch-crossing provided by the defendant across its own ground, for ingress to and egress from its depot near Missouri City, in Clay county. The plaintiff recovered judgment on the ground that it was the duty of the defendant's servants to ring the bell or sound the whistle of the engine before reaching this crossing, and that they failed to do so. It has been recently decided by this court that a crossing like the one in question, is not a " traveled public road or street," within the meaning of section 38, of the railroad act, which requires a bell to be rung or a whistle sounded at a distance of eighty rods from such road or street. *Bauer v. The Kansas Pacific Ry. Co.,* 69 Mo. 219. As it was not the duty of the defendant's servants, under the statute, to ring a bell or sound a whistle before passing the crossing in question, whether it was their duty to do either under the circumstances of the case, or in other words, whether they were guilty of negligence in failing to do either the one or the other, was a question of fact for the jury. The court declared, as a matter of law, that such failure constituted negligence, and in this committed error. The judgment must be reversed and the cause remanded. All concur.