STATE OF MISSOURI TO USE OF CLINTON COUNTY, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, October 26, 1885.**

PENAL STATUTES—HOW CONSTRUED.—Where a statute is penal "it should be strictly construed, and so as not to enlarge the liability it imposes; nor allow a recovery, unless the party seeking it, brings his case strictly within the terms, or conditions authorizing it." *Parish v. R. R. Co.*, 63 Mo. 284.

APPEAL from Clinton Circuit Court, HON. GEO. W. DUNN, Judge.

*Reversed and remanded.*

Statement of case by the court.

This action was commenced before a justice of the peace in Clinton county, on the sixteenth day of September, 1882, by filing a complaint, stating plaintiff's cause of action, as follows:

"The plaintiff states, that the defendant is a railway corporation, duly incorporated under the laws of

Illinois and Iowa. That defendant, at and before the time of committing the grievance hereinafter charged, to-wit, on the fourteenth day of September, was in the possession of, and operating, a certain railway passing through said county, and of certain locomotive engines and cars running thereon, and plaintiff further states, that within ten days of the time of commencing this action, to-wit, at the date last aforesaid, the said defendant, by and through its agents, and servants, ran its locomotive engines on said railroad, through said county, and over and past the railway crossing, where said railroad crosses a traveled public road, in the village of Grayson, an unincorporated town in said county, and immediately east of the railroad depot in said village, and as plaintiff is informed by J. W. Grooms, said defendant failed to ring the bell on said locomotive engine at a distance of at least eighty rods from said crossing, and to keep it ringing until said locomotive had passed said crossing, or to sound a train whistle attached to said locomotive at least eighty rods from said crossing, and to sound it at intervals until it had passed said crossing, as required by the statute, wherefore plaintiff asks judgment for twenty dollars, the penalty under the statute in such cases provided, with costs, etc.

"J. M. LOWE,
"Pros. Att'y for said county."

The plaintiff recovered judgment before the justice and circuit court, and defendant appeals.

*M. A. Low*, for the appellant.

I. It is beneath the dignity of the state to permit an informer to vent his private malice through such a proceeding as this. The court erred in overruling motion to dismiss.

II. The court should have given instruction to find for defendant; and the motion for new trial should have been sustained. There was no evidence that the crossing

was a "traveled public road." *Bauer v. M. P. R. R.,* 69 Mo. 219.

III. The complaint does not state facts sufficient to constitute a cause of action. It does not state affirmatively that the crossing was a legally established public road. The statute is penal and should be strictly construed. *Parish v. R. R. Co.,* 63 Mo. 284; *State use, etc., v. Wabash, etc., Ry. Co.,* 83 Mo. 397.

IV. A road may be public or private. When it is sought to recover a penalty, depending, among other things, on the fact that a given road was a public road, that fact must be averred and proved like any other fact. Not every road open to public use is a public road. *Bauer v. R. R. Co.,* 69 Mo. 219.

ELLISON, J.—The proof in this case, fails to show the crossing at which the failure to ring the bell or sound the whistle occurred, "was a traveled public road." The statute is penal, and "it should be strictly construed, and so as not to enlarge the liability it imposes, nor allow a recovery, unless the party seeking it, brings his case strictly within the terms or conditions authorizing it." *Parish v. Ry. Co.,* 63 Mo. 284.

Evidence of a "road crossing east of the depot," as spoken of by one witness, and of "a crossing near the east end of the depot platform," as stated by the other witnesses, might be admitted to be true, and yet such crossing might not be "a traveled public road," as it is designated in the statute. In this connection, I think, the cases of *Hodges v. Ry. Co.* (71 Mo. 50), and of *Bauer v. Ry. Co.* (69 Mo. 219), in point. The term "road crossing," as used by the witnesses, might well "be applied to the crossing of a. road, not public within the statutory definition."

When a penal statute is sought to be enforced, a case must be made out within its terms.

The objection that the complaint is not sufficient, I do not deem good, as it covers the demands of pleading in a case of this character with sufficient certainty and

accuracy.   Nor do I perceive how the alleged malice of the informant can affect the right to enforce the statute. The question is as to the guilt of the defendant, and not the motive of the prosecuting witness, except as it may affect his credibility.

The judgment is reversed and the cause remanded. All concur.