THE STATE OF MISSOURI to the use of RAY COUNTY, Respondent, v. THE ST. JOSEPH, ST. LOUIS & SANTA FE RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1891.

1. **Railroads:** SIGNALS AT CROSSING: PLEADING: OWNER. In an action against a railroad corporation to recover the statutory penalty for failing to give the statutory signals at a public road crossing, it is sufficient to allege that defendant "has been operating and running" the railroad in question. Whether defendant had been operating such railroad as owner, lessee or otherwise, the requirement of "owner," under the statute, has been fulfilled.

2. ———: ———: OWNER: EVIDENCE. The evidence examined and *held* sufficient to hold the defendant as operator of the railroad in question.

3. ———: ———: EVIDENCE OF PUBLIC ROAD. Where the evidence tends to show that the public road has been traveled and worked from ten to fifteen years, it is a sufficient showing of a "traveled public road" named in the statute requiring signals at public crossings.

*Appeal from the Ray Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Gardiner Lathrop, C. T. Garner, Sr.*, and *S. W. Moore*, for appellant.

(1) The information does not state facts sufficient to constitute a cause of action, or to constitute any offense. R. S. 1889, sec. 2608. The statute in question requires the giving of the statutory signals, "under a penalty of $20 for every neglect of the provisions of this section, to be paid by the corporation owning the railroad." There is no allegation that the defendant ever "owned the railroad," which is the gist of the action so far as its liability is concerned. (2) The finding and judgment are not supported by the evidence. We presume it will be conceded by plaintiff that some connection must be shown between this defendant and the cause of action, or the judgment will not find support in the evidence. We know of no rule of law which makes one corporation liable for the acts of another, without a showing of some contract relation between them. Witnesses, James Smith and Walter Smith, did not pretend to testify from independent recollection, but stated that they knew that a train passes, etc., because they "set it down in a book." We submit this statement is no legal evidence of the facts sought to be proved. Witnesses having no recollection of the facts, the book was the only competent evidence, and that was not introduced. *Wolf v. Matthews,* 39 Mo. App. 376, 379 ; *Anderson v. Volmer,* 83 Mo. 403, 408. (3) The existence of a public road should have been proved by the record, if there was one. Parol testimony is incompetent for this purpose, unless it affirmatively appears that there was no record. Elliott on Roads & Streets, pp. 662–665 ; *Lathrop v. Railroad,* 69 Iowa, 105 ; *Whetton v. Clayton,* 111 Ind. 360 ; *Monagan v. School Dist.,* 38 Wis. 101 ; *O'Mally v. McGinn,* 53 Wis. 353 ; *Smith v. Lawrence,* 12 Mich. 431 ; *Saubon v. School Dist.,* 12 Minn. 17 ; *Allen v. City of*

*Vincennes*, 25 Ind. 531; *United States v. Kuhn*, 4 Cranch, 401; *District of Columbia v. Johnson*, 1 Mackey, 51.

*T. N. Lavelock*, for respondent.

(1) The information is sufficient. *State ex rel. v. Railroad*, 89 Mo. 562; *State ex rel. v. Railroad*, 89 Mo. 571. (2) It is no longer an open question in this state that the continued use of a road by the public for a period of ten years will constitute a public highway. *State v. Walters*, 69 Mo. 463; *State v. Wells*, 70 Mo. 635; *State v. Proctor*, 90 Mo. 334; *State v. Bradley*, 31 Mo. App. 308. (3) A penalty may be recovered of the corporation incurring it, whether that corporation is the absolute owner or lessee of the railroad. R. S. 1889, sec. 2568; Redfield on Railways, sec. 145, subd. 2, pp. 640, 641; *Smith v. Railroad*, 61 Mo. 17. (4) The corporation operating the railroad is, for all the purposes of this statute, the owner of it, and is primarily liable. 1 Redfield on Railways, sec. 142, subd. 3, pp. 618, 620; 1 Rorer on Railroads, sec. 11, p. 522; *Linfield v. Railroad*, 10 Cush. 522; *Railroad v. Sly*, 65 Pa. St. 205.

GILL, J.—This is an action instituted before a justice of the peace to recover the statutory penalty of $20, under section 2608, Revised Statutes, 1889, for the alleged failure on the part of the defendant to ring the bell or sound the whistle at a public crossing. The justice of the peace before whom the case was tried rendered judgment for the plaintiff; upon appeal to the circuit court, evidence was heard by the court, a trial by jury having been waived, and judgment rendered for the plaintiff, from which the defendant has prosecuted its appeal.

I.   The first point presented for reversal is, that the statement or complaint filed with the justice is insufficient in that it states only that defendant corporation "has been operating and running the St. Joseph, St. Louis & Santa Fe railway, from North Lexington,

in Ray county, Missouri, to the city of St. Joseph, in Buchanan county, Missouri; that said railroad was *run and operated* by defendant, by its agents, servants, engines, trains and cars," whereas the statute requires the statutory signals under "a penalty of $20 for every neglect of the provisions of this section to be paid by the corporation *owning* the railroad."

There is no merit in this contention. If the defendant was at the time in the possession of and running and operating the railroad in question, it was presumptively the owner; and in the absence of a contrary showing the court would be authorized in holding defendant to be the owner. More than this whether defendant was operating this railroad as absolute owner, lessee, or otherwise, it was liable for the violation by it of the provisions of this statute. It filled the requirement of "owner" under this statute. 1 Rorer on Railroads, p. 553; 1 Redfield on Railways [6 Ed.] sec. 142; *Brown v. Railroad*, 14 Mo. App. 580.

II. It is further contended that there was an absence of evidence that the defendant was operating this line of railroad, and, with some show of earnestness, counsel assert that the prosecuting witness gave evidence that some other railroad company than defendant operated the railroad.

The following testimony is quoted: "*Q*. What road was this train running on? *A*. It was this road running here to Richmond, the St. Joseph, St. Louis & Santa Fe, at that time the St. Joseph & St. Louis railroad." While this language is by itself somewhat ambiguous, it would seem that the court was justified in the understanding that in the last clause of the answer the witness only repeated in an abbreviated form the defendant's corporate name, and that he did not mean to say that the offense was committed by some other railroad company. Besides from the other witnesses it may be as well understood that the defendant at that time was running and operating the offending train. If defendant

had any such defense as this it should have introduced the contradictory testimony, and not trusted to this, "hanging upon the mere bark," or "slip of the tongue."

III.   The third and last point made in appellant's brief is to the effect that plaintiff failed to show that there was an established public road at the crossing where defendant neglected to ring the bell or sound the whistle.   There is no showing in this record for such contention.   The evidence is ample to justify plaintiff's claim of the existence of a public traveled road leading out from the town of Lawson, into Ray county, and crossing defendant's railroad.   One witness stated that he had known that highway for about ten or twelve years.   Witness Crawley testified, that he knew the road mentioned by other witnesses, and that "it has been a public traveled road for from fifteen to eighteen years.   It has been worked that long," etc.   This was a sufficient showing of a "traveled public road" named in the statute.   It was not required that it should be shown by the records of the county court that the road had been established by proceedings in that court.   1 Rorer on Railroads, p. 552 ; R. S. 1889, sec. 7847.

Judgment affirmed.   All concur.