ANTHONY GILTZ, Respondent, v. ST. LOUIS SOUTH-
WESTERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, March 10, 1896.

**Railroads:** LIABILITY FOR DOUBLE DAMAGES FOR KILLING OF STOCK. A
railway company is not required nor even authorized to erect a fence
across a public road, whether such road be one *de jure* or one *de facto*,
. and accordingly is not liable for double damages for stock which
comes upon, and is killed upon, its tracks at the crossing of such a
road.

*Appeal from the Mississippi Circuit Court.*—HON. HENRY .
C. RILEY, Judge.

REVERSED.

*W. H. Miller* for appellant.

It conclusively appears from the testimony of all
the witnesses and the record offered in evidence that
the animal was killed on a public crossing. There was
no evidence remaining on which a judgment for the
plaintiff could be predicated, and the court erred in
not finding for the defendant upon a demurrer of the
testimony. *Miller v. Railroad*, 47 Mo. App. 637; *Sul-
livan v. Railroad*, 72 Mo. 197; *McPheeters v. Railroad*,
45 Mo. 24; *Ehret v. Railroad*, 20 Mo. App. 251; *Morris
v. Railroad*, 79 Mo. 371.

*W. N. Randolph* for respondent.

The opening in the railroad fence, in this case,
was neither a public crossing *de jure* nor *de facto*,
and was not so considered by the public, by the rail-

road company, by the county court, nor by the laws of the state. R. S. 1889, secs. 2608, 2609, 2611, 7796, 7797, 7798, 7799, and 7800. Every step taken in condemning a road should be strictly construed, and is jurisdictional. And in the case at bar there was no public crossing even on paper, much less one opened out and recognized as such. *Young v. Railroad,* 96 Mo. 39; *Wilson v. Berkstresser & Theron,* 45 Mo. 283; *Carpenter v. Graham,* 59 Mo. 247; *Geyser v. Cooper County,* 19 Mo. 257; *City of Hopkins v. Railroad,* 79 Mo. 98.

ROMBAUER, P. J.—The plaintiff recovered double damages for the killing of his mule by the defendant's engine. The defendant appeals and assigns for error that under the conceded facts this judgment was erroneous, as the mule came upon the track and was struck at a place where the defendant was under no obligation to fence its road. Whether this contention is correct is the only question presented for our consideration.

The conceded facts are these: The county court of Mississippi county on the ninth day of *May, 1894,* made an order condemning the defendant's right of way at the point in question for a public road, and ordered the road overseer to open the road. No copy of this order was served upon the defendant, or upon the road overseer. The defendant, however, had either previous to this, or immediately thereafter, fenced its right of way so as to recognize the place in question as a public road, running its fences down on each side thereof and connecting them with cattle guards across its tracks. The mule in question was killed in *July, 1894.* At the date of the killing the defendant's road was fenced as above, but neither the road overseer nor the defendant had taken any steps to establish a road crossing over the defendant's tracks, nor was any signboard put up, as the law requires, indicating that the

place in question was a public road, nor did the company cause the steam whistle of the engine to be blown, or the bell to be sounded, when its trains approached the place, until after the accident in question.

Upon this showing the defendant asked the court to give the following instruction:

"The court declares the law to be that, if the county court of Mississippi county, Missouri, upon a proper petition of twelve householders and freeholders, regularly and legally ordered, established and opened, a public road across defendant's railroad in May, 1894, at the place where the animal in question was killed in July following, then the defendant was not required to fence its road across the said public highway, and the defendant is not liable."

The court refused the instruction and found for the plaintiff.

The court erred in both particulars. Section 2609 of the Revised Statutes provides that railroad companies shall construct proper road crossings at places where the railroad crosses public roads, and provides a penalty for their failure to do so. Section 2608 provides that a bell be rung or a whistle be sounded, when the engine approaches any *traveled* public road. If the company failed to comply with either of these requirements, and the injury to plaintiff's animal was caused by such failure, the plaintiff had his remedy in another form of action, but he could not sue the defendant under section 2611 for failure to fence its road, where it crossed a public road, which under all the evidence was a road *de jure* if not *de facto*. Railroads are not required, and in fact are not authorized to fence across a public road, whether such road be one *de jure* or *de facto*. *Luckie v. Railroad*, 76 Mo. 639; *Roberts v. Railroad*, 43 Mo. App. 287.

As the conceded facts furnish no ground for the

recovery of *double damages*, we must reverse the judgment. The plaintiff's proper course is to sue for single damages in a new action, as the evidence adduced indicates a right of recovery in an action in that form.

All the judges concurring, the judgment is reversed.