ALABAMA GREAT SOUTHERN R. R. CO. *v.* FOWLER.

In a suit against a railroad company by a landowner for a failure to erect cattle-guards as required by section 2243 of the Civil Code, it is incumbent upon the plaintiff to show upon the trial that such cattle-guards were necessary to protect his lands. Where the evidence shows on the contrary that there was no necessity for such cattle-guard prior to the time it was actually established by the company, a verdict for the plaintiff was contrary to the evidence and should have been set aside.

Argued February 18, — Decided April 12, 1898.

Action for damages.    Before Judge Fite.    Dade superior court.    March term, 1897.

*Jacoway & Jacoway* and *I. E. Shumate,* for plaintiff in error. *R. J. & J. McCamy* and *T. J. Lumpkin,* contra.

SIMMONS, C. J.    This was an action by the plaintiff against the railroad company, to recover damages under the following sections of the code: "Every railroad company shall be required to build and maintain at its own expense good and sufficient cattle-guards on each side of every public road or private way established pursuant to law, and on the dividing line of adjoining landowners, where the railroad may cross such public roads, private ways, or dividing lines, when necessary to protect said lands.    Thirty days written notice to build such cattle-guards shall be served on any agent or officer of such company, by the owner of the lands to be affected by such cattle-guards; said notice shall be directed to said railroad company, and contain a description of the point where such cattle-guard is desired, be signed by the landowner or his agent or attorney, and attested by some officer with a seal ; a certified copy of the same being prima facie evidence of the contents of the original notice."    Civil Code, § 2243.    "If the railroad company shall fail to build such cattle-guards within thirty days, then the railroad company shall be liable to the owner of the land for all damages resulting from the failure so to build ; and for each day elapsing after the thirty days have expired, until the said cattle-guard is built, in the sum of twenty-five dollars, to be recovered by said landowner in any court having jurisdiction over the same."    Civil Code, § 2244.

The notice was in writing and as follows: " State of Georgia, Dade County.    To the Alabama Great Southern Railroad Company :   You are hereby notified to put in a good and sufficient stock-gap or cattle-guard, sufficient to prevent any stock, cattle, hogs, horses, and mules from entering the inclosure at the point where your railroad-track crosses the land-line between lots of land Nos. 151 and 175 in the 10th district and 4th section of said county, and to keep in repair such stock-gap at all times.   The 'point where said stock-gap is desired on said land-line is some hundred and fifty or 'two hundred yards south of where the stock-gap now is in a defective condition. Respectfully, John P. Fowler, owner of lot of land No. 151 in the 10th district and 4th section, Dade County, by T. J. Lumpkin, atty. at 'law."   This notice was dated December 9, 1895, and was attested by the clerk of the superior court.   The declaration alleged that the notice was served on the date above mentioned, and that the defendant had failed from that time up to the filing of the suit, which was Feb. 24, 1896, to put in a stock-gap.   The amount sued for was $1,150 or $25 per day for forty-six days.   The declaration was demurred to on various grounds, one among them being that the notice did not designate with sufficient certainty the point at which the stock-gap was desired to be erected; and another, that the statute in question was unconstitutional and void.   From the evidence it appeared that, subsequently to the filing of the suit, the defendant had erected a stock-gap at the point where the notice intended it should be established; and that prior to that time and even at that time the lands which were desired to be protected by the stock-gap in question were not inclosed on both sides of the railroad, and hence that the cattle-guard was not necessary for the protection of the lands.

We do not deem it necessary to discuss the various points raised by the demurrer, except to remark that, without deciding the question definitely, it would seem that the statute contemplates more certainty of description as to the point where the cattle-guard was to be located than that given in the notice to the company.   This would depend, however, upon whether or not the railroad company would be under a

duty to inquire as to the exact location of a given land-line, the notice specifying the exact point on the land-line where the cattle-guard was to be erected. This question, as above indicated, we do not now decide. Nor do we deem it necessary to decide in this case whether or not the statute in question is in violation of the constitution. The statute under which suit was brought provides for the recovery of any special damage that might flow from the company's failure to build a suitable stock-gap, and also for a penalty of twenty-five dollars for each day after the expiration of thirty days from the time the notice to build the cattle-guard has been served upon the company and it has failed to comply with the same. This being a statute authorizing the recovery of a penalty, it should be strictly construed, "and so as not to enlarge the liability it imposes; nor allow a recovery, unless the party seeking it brings his case strictly within the terms or conditions authorizing it." State *v.* Railroad Company, 19 Mo. App. 104. We are of opinion that the plaintiff in this case has not brought his case strictly within the terms of the statute under which he seeks a recovery. The statute provides that railroad companies shall be required to build and maintain cattle-guards or stock-gaps at certain designated points, "when necessary to protect said lands." It appearing from the evidence that the plaintiff's lands were uninclosed, and that the cattle-guard if erected would be no protection to those lands, we do not think the defendant company was required to erect a stock-gap at the place designated. A landowner can not, by a mere notice that he desires a stock-gap erected at a certain point on a line between himself and an adjoining landowner, require the erection of such cattle-guard. If this were true, an owner of land might capriciously order the company to erect a cattle-guard, and then neglect to inclose such land, thus rendering the expense to the company absolutely unnecessary and of no sort of benefit to himself. It appearing from the evidence in the present case that the erection and maintenance of a cattle-guard at the point designated was not necessary to protect the lands of the plaintiff, the recovery of the penalty was contrary to law, and the trial court should have granted the motion for a new trial.

*Judgment reversed. All concurring, except Cobb, J., absent.*