CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* STATE.

Opinion delivered November 25, 1907.

1.  PLEADING—ANSWER—NEGATIVE PREGNANT.—Where a complaint against a railroad company alleged that the defendant is "a corporation owning and operating a line of railway," etc., an answer denying that it is a corporation owning a line of railway, etc., is insufficient to put defendant's corporate existence in issue. Page 410.)

2.  RAILROADS—SIGNALS AT CROSSINGS—CONSTRUCTION OF STATUTE.—A corporation operating a railroad is "the corporation owning the railroad" within Kirby's Digest, § 6595, requiring such corporations to give signals at railroad crossings of the approach of its trains. (Page 411.)

Appeal from Saline Circuit Court; *W. H. Evans,* Special Judge; affirmed.

*Busbee & Hicks,* for appellant.

The complaint alleged that the appellant was a corporation owning the railroad in question, and, this allegation being material, the burden was on the plaintiff to prove it by a preponderance of the evidence. The statute provides that the penalty shall be paid by the corporation owning the road, and, being a penal statute, must be strictly construed. Kirby's Digest, § 6595; 43 Ark. 415; 38 Ark. 519; 40 Ark. 97; 67 Ark. 357. Since the evidence fails to show ownership of the road in ap-

pellant and that appellant is a corporation, the case should be reversed.  71 Ark. 472.

*Wm. F. Kirby,* Attorney General, and *Daniel Taylor,* for appellee.

1.  The answer stated: "It denies that it is a corporation owning and operating a line of railway running through Saline County, Arkansas."  This was not sufficiently clear to put in issue its corporate existence.  Kirby's Digest, § 6098; 33 Ark. 222.  It is a mere negative pregnant, denying nothing distinctly and definitely.  It is a nullity.  Baylies, Code Pl. & Pr. 365; 72 Ark. 62; 1 Enc. Pl. & Pr. 796; 22 Cal. 164; 36 Cal. 462; 50 Cal. 610; 40 Pac. 471.

2.  Notwithstanding the ambiguity of its answer, it is apparent from the course of the trial and appellant's cross-examination of witnesses that it intended only to deny ownership, and to establish that it is merely a lessee.  If it be conceded that appellant is only a lessee, it is the owner of the road within the meaning of the statute.  105 Pa. 222; 64 Mo. 112; 44 Conn. 291; 79 Minn. 372; 100 S. W. 1148.

HART, J.  A penalty of $200 was recovered from the Chicago, Rock Island & Pacific Railway Company in a civil action brought by the State because of a violation of section 6595 of Kirby's Digest, which reads as follows: "A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive or engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of two hundred dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go the informer and the other half to the county; and the corporation shall also be liable for all damages which shall be sustained by any person by reason of such neglect."

The defendant asks that the case be reversed because no proof of its corporate existence was offered.  The State contends that the answer of the defendant was not sufficiently certain to put that fact in issue.  The complaint alleged "that the defendant is a corporation owning and operating a line of rail-

way running through Saline County, Arkansas." The answer in traversing this allegation used this language: "It denies that it is a corporation owning and operating a line of railway running through Saline County, Arkansas." In this case a denial of corporate existence is a defense, and, as stated by Judge RIDDICK in the case of *J. I. Porter Lumber Co.* v. *Hill*, 72 Ark. 66: "This form of denial is ambiguous, and has been frequently condemned, both at the common law and under the Code."

The appellant also contends that it is not the owner of the railroad within the meaning of the statute. This precise question was determined in the case of *State* v. *St. Joseph, St. L. & S. F. Rd. Co.*, 46 Mo. App. 466, in which the court said: "If the defendant was at the time in the possession of and running and operating the railroad in question, it was presumptively the owner; and, in the absence of a contrary showing, the court would be authorized in holding defendant to be the owner. More than this, whether the defendant was operating this railroad as absolute owner, lessee, or otherwise, it was liable for the violation by it of the provisions of this statute. It filled the requirement of 'owner' under this statute." The Missouri statute requires the giving of the statutory signals, "under a penalty of $20 for every neglect of the provisions of this section to be paid by the corporation owning the railroad." To the same effect, see *Proctor.* v. *Hann. & S. J. Rd. Co.*, 64 Mo. 112; *Camp* v. *Rogers*, 44 Conn. 291; *Parker* v. *Minneapolis & St. L. Rd. Co.*, 79 Minn. 372; *Baltimore & O. R. Co.* v. *Walker*, 45 Ohio St. 577; *Schott* v. *Harvey*, 105 Pa. 222.

This court has held that "a foreign corporation which is the lessee of a railroad in the State is liable, under the statute requiring railroads to erect stock gaps where the road passes through inclosed lands," and the reason given is that "our statutes provide that any railroad corporation of another State leasing any railroad in this State shall become subject to all the regulations and provisions of law governing railroads in this State and held liable for the violation of any such laws." *St. Louis & S. F. R. Co.* v. *Hale*, 82 Ark. 175.

In the construction of statutes, regard must be had to their various provisions, and such effect given them as the provisions

indicate they were intended to have, and as will render the statute operative. We are of the opinion that the operating corporation is the "corporation owning the railroad" within the meaning of the statute. The testimony for the State (and none was offered by the defendant) shows that the railroad in question was operated by the defendant.

Judgment affirmed.