Lee v. Railroad.

## LOUIS LEE, Respondent, v. ST. LOUIS SOUTH-WESTERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, February 1, 1910.**

1. **RAILROADS: Negligence: Killing Stock: Evidence Held Sufficient: Facts Stated.** In an action against a railroad company for killing a bull, evidence by plaintiff that the bull had been struck by a locomotive engine and that he saw the wound which was inflicted on its body by the engine and that a section hand saw it struck by a locomotive was sufficient to prove it was killed by defendant's locomotive.

2. ———: ———: ———: **Evidence Held Insufficient: Facts Stated.** In an action against a railroad company for killing a calf, where there was no evidence of bruises or wounds on its body, nor that a locomotive struck it, nor that it was killed on the right of way, the evidence was insufficient to prove it was killed by defendant's locomotive.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED CONDITIONALLY.

*S. H. West* and *Wammack & Welborn* for appellant.

(1) The plaintiff failed to prove the character of the land where the animal sued for in either count was killed. It is not enough to show that the place was not at a public road crossing or within the switch limits of any station or within the corporate limits of any city, village or town. The evidence must go further and show whether the land was enclosed or unenclosed land, and a failure to show this is fatal under the double damage act. Sayer v. Railroad, 43 Mo. App. 360. (2) There was not sufficient proof that the animal sued for under the first count was killed by a collision. Gilbert v. Railroad, 23 Mo. App. 65; Hesse v. Railroad, 36 Mo. App. 163; Logan v. Railroad, 111 Mo. App. 674. (3) There is no testimony in the record as to where the animal

sued for in the second count was killed, whether at a point on defendant's road where defendant was required to fence or whether on defendant's road at all, and there is no testimony whatever to show that this animal was killed by collision with defendant's cars and engines, and in fact there is no testimony showing how or where it was killed. The verdict is unsupported by any evidence whatever. Gilbert v. Railroad, 23 Mo. App. 65; Lindsay v. Railroad, 36 Mo. App. 51; Logan v. Railroad, 111 Mo. App. 674.

*J. V. Curran* for respondent.

GOODE, J.—Two actions, which were afterwards consolidated, were instituted to recover double damages for the killing of stock belonging to plaintiff. After consolidation the action first instituted was treated as the first count of the consolidated case, and the second action as the second count of said case. The first count was to recover double the value of a Durham bull, four years old, worth one hundred dollars, and alleged to have been killed by a locomotive of defendant company in October, 1906, at a place where the railway was unfenced and where it should have been fenced, the same being a point not within the switch limits of any station or the corporate limits of any city, town or village or at the crossing of a highway. The second count was like the first, except the animal killed was a calf alleged to be of the value of fifteen dollars. A verdict was returned for the plaintiff for seventy-five dollars damages on the first count of the petition and twelve dollars on the second count and judgment rendered for double those sums. Defendant appealed.

The only error assigned is that the evidence was insufficient to prove the animals were killed by one of defendant's locomotives, or at a point on its line where it was required to maintain a fence and had not done so. These facts were proved as regards the killing of

the animal described in the first count; for the evidence sufficiently established it was killed by one of defendant's locomotives where the railway ran through unfenced lands, outside the limits of a town or village, or the switch limits of a station, and where there was no highway crossing. Plaintiff swore positively it had been struck by an engine; said he could see the wound inflicted on the body by the engine, and that one of the section gang saw it struck by a locomotive. The latter item of evidence was in the nature of hearsay, but no objection was made to it.

The point that the evidence was insufficient was well taken as regards the calf. Nothing was testified tending to show that it had been killed by a locomotive. Plaintiff said it was killed between the fence and the ditch near an old tank, November 12th, and he did not think it was killed within the corporate limits of any town or village, or within the switch limits of a station. This was all, and substantially in the words of the witness. It was not even testified the calf was killed on the right of way, nor was any evidence adduced to show a locomotive had struck it; there was no proof given of bruises or wounds on the body, or the testimony of an eye witness. One might surmise from what was proved the calf was killed by a passing engine, but more direct evidence was required. The most the jury could do under the evidence was to conjecture the mode of death. If the animal was in fact killed by a locomotive and where the railroad tracks should have been fenced, some evidence to prove the fact should have been introduced.

If plaintiff will remit twenty-four dollars from the judgment within twenty days of the delivery of this opinion, the judgment will be affirmed, otherwise it will be reversed and the cause remanded. All concur.