## STATE ex rel. N. W. SIMPSON, Etc., Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, October 1, 1910.**

1. **RAILROADS: Statute Requiring Signals: Penal Statute: Construction.** Section 1102, Revised Statutes 1899, providing a penalty for failure to give certain signals when a train crosses a public road, is a penal statute and must, therefore, be strictly construed, and proof to make a case within its provisions must be specific.

2. **———: ———: Applies to Roads Established by User.** In an action under section 1102, Revised Statutes 1899, providing a penalty for failure to give certain signals when a train crosses a public road, the public road involved need not be proved by the records of the county court showing establishment by legal procedure, as the statute applies also to roads established by user or prescription.

3. **———: ———: ———: Prima Facie Case.** In an action under section 1102, Revised Statutes 1899, providing a penalty for failure to give certain signals when a train crosses a public road, evidence for relator that the road in question was a public road and the crossing on the railroad was a public road crossing is sufficient prima facie, and it is then incumbent on defendant to show the road was not a public road, either *de facto* or *de jure*, if such were the fact.

4. **———: ———: Necessity of Proving Road was Traveled.** In an action against a railroad company for the penalty prescribed by section 1102, Revised Statutes 1899, for failing to ring the bell or sound the whistle when a railroad train approaches and passes the crossing of "any traveled public road," the failure to prove that the road was a "traveled" public road was fatal to a recovery.

Appeal from Lewis Circuit Court.—*Hon. Charles D. Stewart*, Judge.

REVERSED AND REMANDED.

*Clay & Johnson, R. J. McNally* and *J. G. Trimble* for appellant.

Evidence of a "road crossing east of the depot," as spoken of by one witness, and of "a crossing near the east end of the depot platform," as stated by the other witness might be admitted to be true, and yet such crossing might not be "a traveled public road," as it is designated in the statute. Hodges v. Railroad, 71 Mo. 50; Bauer v. Railroad, 69 Mo. 219; State v. Railroad, 19 Mo. App. 104; Parish v. Railroad, 63 Mo. 284.

*N. W. Simpson* for respondent.

NORTONI, J.—This is a suit in the nature of a *qui tam* action for a statutory penalty. Relator is prosecuting attorney. He recovered and defendant appeals.

It appears Ashford owns a farm in Lewis county through which defendant railroad passes. There is a public road adjacent to this farm on which defendant maintains a public crossing and the evidence is that defendant's trains frequently passed over the same without either sounding the whistle or ringing the bell as the statute requires. Because of a railroad cut there, which obstructs the view, it is important the signals required should be given upon approaching the crossing. Ashford testified that to the end of enforcing the obligation of the statute, he made some observations on the day named in the information and defendant's train approached and passed the crossing without either sounding the whistle or ringing the bell. The statute (sec. 1102, Revised Statutes 1899, sec. 1102, An. St. 1906), requires the bell on locomotives shall be rung at a distance of at least eighty rods from the place where the railroad shall cross any traveled public road and be kept ringing until it shall have crossed such road, or a steam whistle attached to such

locomotive shall be sounded at least eighty rods from the place where the railroad crosses any such road, except in cities, and be sounded at intervals until it shall have crossed such road, under a penalty of twenty dollars for each neglect, etc. A further provision therein is to the effect that such penalty shall be recovered in a suit instituted by the prosecuting attorney within ten days after it was incurred, one-half thereof to go to the informer and the other half to the county. Ashford immediately informed the prosecuting attorney and the suit was instituted by that officer in accordance with the statute and within the ten days prescribed.

It will be observed that the statute enjoins the obligation to ring the bell or sound the whistle on approaching the crossing of "any traveled public road." Testimony for relator is to the effect that the road involved here and the one on which defendant had established the crossing was a public road but it is not expressly stated in the evidence to have been a "traveled public road."

The only point made on appeal for reversal of the judgment is that there is no evidence in the case showing the road to be such as contemplated by the statute. It may be conceded that the statute is penal and must therefore be strictly construed. It is essential, too, that the proof shall be sufficiently specific to make a case within its provisions. [State to use, etc., v. C. R. I. & P. R. Co., 19 Mo. App. 104; Bauer v. K. P. R. Co., 69 Mo. 219.] But we do not understand that it was incumbent on relator to produce the records of the county court and show the public road involved was established by legal proceedings to that end. Such statutes apply as well to roads established by user or prescription as they do to those established by legal proceedings. Such has been decided in many cases. See Lee v. St. L. & S. F. R. Co., 146 Mo. App. 696, 129 S. W. 773; Sikes v. St. Louis & S. F. R. Co., 127 Mo.

App. 326, 105 S. W. 700; Giltz v. St. L. S. W. R. Co.,
65 Mo. App. 445. That a highway may be established
and become a public road within the meaning of the
law by a long period of use which confers a prescrip-
tive right upon the public is beyond question. Besides
Sikes v. St. L. & S. F. R. Co. and Lee v. St. L. & S.
F. R. Co., supra, see Easley v. Mo. Pac. R. Co., 113 Mo.
236, 20 S. W. 1073; State to use v. St. J., St. L., etc.,
R. Co., 46 Mo. App. 466; Russell v. Receivers of A., T.
& S. F. R. Co., 70 Mo. App. 88; Giltz v. St. L. & S. W.
R. Co., 65 Mo. App. 445. The evidence for relator
is pointed to the effect that the road in question here
was a public road and the crossing on the railroad
was a public road crossing. We regard this as amply
sufficient on this feature of the case for prima facie
purposes. After relator had shown so much, it was
then incumbent on defendant to show the road was not
a public road, either *de jure* or *de facto*, if such were
the fact.

This case is to be distinguished from that of State
v. C., R. I. & P. R. Co., 19 Mo. App. 104, relied upon
by defendant, for the reason there was no evidence in
that case to the effect that the highway was a public
road. In that case the witnesses merely spoke of a
road crossing east of the depot. Of course, there may
be a road crossing which is not a public road crossing;
for instance, there may be a crossing of a mere private
road and, of course, such would not fall within the
provisions of a penal statute which by its express
terms purports to apply to public roads, as the obliga-
tion of such a statute may not be extended by implica-
tion or construction.

But it is said though the proof is sufficient prima
facie as to the fact that the road was a public road,
there is no evidence that it was a "traveled public
road." This is true. By employing the words "trav-
eled public road," the Legislature obviously intended
to affix the duty of ringing the bell or sounding

the whistle only on approaching the crossings of such public roads as are traveled. There may be roads which have attained and continue the status of public roads which, through abandonment as a thoroughfare, remain untraveled public roads for the reason they have not been vacated in accordance with the statute nor abandoned for a sufficient length of time to divest the prescriptive right. In view of this fact, it should appear not only that the road is a public road, but that it is traveled as such as well, for unless it is traveled, the statute prescribes no duty against the defendant to give the signals referred to. There is not only an absence of direct evidence that the road was traveled, but nothing appears in the proof from which the jury might infer that it was. Because of this, the judgment should be reversed, but to the end that the proof may be made if according to the fact, the cause will be remanded. It is so ordered. All concur.