Jordan v. Harris.

Opinion delivered March 13, 1911.

1. Receiver—powers.—The receiver of an insolvent corporation stands in the place of the corporation, and has only such rights as it had, so that the rights of third parties are not increased, diminished or varied by his appointment. (Page 201.)

2. Bills and notes—accommodation indorsement—effect.—As between himself and the party accommodated, an accomodation indorser is in effect a surety, and his right to recourse against the party accommodated is that of surety against principal. (Page 202.)

3. Same—accommodation indorsement—proof.—That a note was indorsed for accommodation may be proved by parol evidence. (Page 202.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*S. A. Jones* and *Carmichael, Brooks & Powers,* for appellant.

Appellant was purely an indorser for accommodation, from which he received no benefit; the same was without consideration, and the note is not enforcible against him. 1 Am. & Eng. Enc. of L., 2 ed., 335; 57 Ark. 437; 65 S. W. (Mo.) 303. Parol evidence is admissible to prove want of consideration, in cases like this. 24 Me. 363; 153 N. Y. 130; 1 Daniel, Neg. Inst. 3 ed., 605, § 679; 35 N. Y. Sup. 944; 21 Ind. 110; 24 Me. 274; 55 Fed. 906; 93 Ark. 112.

*Ratcliffe, Fletcher & Ratcliffe,* for appellee.

Every presumption is in favor of the bank; King, the cashier, was acting for himself and not for the bank; and even if the indorsements were procured by fraud on the part of King, the bank would not be chargeable with notice of such fraud. 92 Fed. 274; 12 Ala. 502; 178 Fed. 53; 180 Fed. 685; 170 U. S. 133, 42 Law. Ed. 977.

Hart, J. Insolvency proceedings were instituted in the Pulaski Chancery Court against the Capital City Savings Bank, a corporation doing a banking business in the city of Little Rock, Ark., and Marvin Harris was appointed receiver. Scipio A. Jordan was a depositor in the bank at the time of its failure, and was allowed to file intervention by which he sought to recover from the receiver his *pro rata* part of said deposit. Upon the

hearing, the chancellor held that he was not entitled to recover, and Jordan has appealed to this court.

It may be stated at the outset that the receiver stands in the place of the bank which he represents, and has only such rights as it had, "so that the rights of third parties are not increased, diminished or varied by his appointment." 5 Pomeroy's Equity Jurisprudence, § 186; 34 Cyc. 191 *et seq.*

The testimony in this case is practically undisputed. At the time the insolvency proceedings were instituted and the receiver was appointed, Scipio A. Jordan had on deposit in said bank the sum of $2,340.72. At and prior to the time of the bank's failure, C. B. King was its cashier. King testified that in February, 1908, the bank was in financial distress and needed money; that it had on hand a lot of unsold stock; that on February 27, 1908, in order to accommodate the bank and to enable it to borrow money, he had $5,000 of said stock issued to himself, and executed his note for that sum payable to the bank due 180 days after date; that he carried said note and stock attached thereto as collateral to another bank to pledge the same in order to borrow money for the accommodation of the Capital City Savings Bank, but that he failed to obtain a loan; that subsequently he procured Scipio Jordan and J. P. Robinson to indorse said note; that they were merely accommodation indorsers, and only indorsed the note for the purpose of enabling the bank to borrow money on it; that he failed to secure a loan for the bank with their indorsements, and gave as a reason why the note and stock were not cancelled and the note handed back to the indorsers was because he, as cashier, did not want to have any irregularities on the books of the bank.

Scipio A. Jordan testified that he indorsed the note some time in March, 1908, at the request of King, the cashier, for the benefit of the bank; that King told him that the bank would need that amount of money at an early date on account of some pressing matters; that he knew nothing in regard to the issuance of the stock to King, and that he was to receive nothing for his indorsement nor any interest in said stock.

The receiver testified that he found the note among the papers of the bank when he took charge of it.

This testimony leads us to the conclusion that Jordan indorsed the note merely for the accommodation of the bank.

"As between himself and the party accommodated, the accommodation party is in effect a surety, and his right to recourse against the party accommodated is that of surety against the principal debtor." 7 Cyc. 725. For the purpose of determining this question, we may consider parol evidence. Daniel on Negotiable Instruments, 3 ed., § 679; *Morehead* v. *Citizens' Deposit Bank,* 113 S. W. (Ky.) 501. See also *Agricultural Bank* v. *Robinson,* 24 Me. 274, 41 Am. Dec. 385, where the court held that to enable a banking corporation to maintain an action on a note made to it there must be a consideration at the time of making the contract. It follows that the chancellor erred in holding that Jordan was liable to the receiver on the note. The decree will be reversed, and the cause remanded with directions to the chancery court to enter a decree in accordance with this opinion.