### Bush, Receiver of St. Louis, Iron Mountain & Southern Railway Company v. State.

Opinion delivered April 30, 1917.

Receivers—railroads—giving signal at public crossing.—Kirby's Digest, § 6595, which provides that a certain signal shall be given at least 80 rods from the place where the railroad shall cross any other road or street, and providing a penalty for failure to observe the statute, which shall be paid by the corporation running the railroad, *held* to be applicable to a receiver operating a railroad in his capacity as receiver.

Appeal from Marion Circuit Court; *J. I. Worthington,* Judge; affirmed.

*Troy Pace,* for appellant.

1. The act, July 23, 1868, Kirby's Digest, § 6595, is penal, strict construction is required, and no one can be brought within its terms unless the words of the statute, in their ordinary acceptation comprehend such person. 87 Ark. 409; 114 *Id.* 47; 88 *Id.* 277; 6 Wall. 395; 5 Wheat. 76.

2. The receivers are not the owners of the railroad nor within the terms of the statute. 78 Fed. 290; 85 *Id.* 533; 177 U. S. 305; 18 S. W. 578; 60 Fed. 176; 23 S. W. 317; 25 *Id.* 1076; High on Receivers, 553; 33 Cyc. 683. Kirby's Digest, § 6732, does not apply to receivers, and has no application.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The statute, Kirby's Digest, § 6595, was intended to apply to every person owning, controlling or operating trains over any railroad in this State, and receivers are subject to its penalties. 79 Minn. 372; 44 Conn. 291; 45 Oh. St. 577; 57 Minn. 345; 98 Ark. 200; 33 Conn. 237; High on Receivers, 553; 169 Mass. 398; 110 N. Y. 250; 46 Mo. App. 466, 469; 84 Ark. 409. While the statute is penal, it is also highly remedial to protect persons and property. It should be liberally construed. *Supra.* 84 Ark. 409.

WOOD, J. Section 6595 of Kirby's Digest provides that a bell of at least 30 pounds in weight or a steam whistle shall be rung or blown at the distance of at least 80 rods from the place where the railroad shall cross any other road or street and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of $200 for any neglect, to be paid by the corporation owning the railroad.

The only question presented by this appeal is whether or not the above statute, is applicable to a receiver operating a railroad in his capacity as such receiver. The intention of the Legislature was to prevent, as far as possible, accidents that might otherwise occur

if travelers at the crossings of a railroad with other roads were not warned of the approach of the train at such crossings. The statute was leveled at whoever should be operating the railroad rather than the corporation who might have the technical ownership thereof. Any one operating a railroad, whether as the technical owner, or as the lessee or receiver, who, for the time being, has the road in charge, and is operating the same, is comprehended within this statute and comes within the purpose of the lawmakers in enacting the same.

In 1879 the Legislature of Pennsylvania enacted a law requiring, among other things, the owners of factories to provide and cause to be affixed to every such building permanent fire escapes under a penalty not exceeding $300. A tenant who had leased a factory was sued for damages caused by a failure to provide a fire escape as required by the statute. In passing on the question as to whether or not the tenant was an owner within the terms of the statute, the Supreme Court of Pennsylvania said: "It is certainly a highly penal statute. It imposes a duty unknown to the common law, and punishes a neglect of that duty in the manner above stated. It is almost needless to say that such an act can not be extended by implication to parties who do not clearly come within its terms." Then the court held that, for all practical purposes, the tenant in possession was the "owner" until the end of his term. *Schott* v. *Harvey*, 105 Pa. 222.

In statutes prescribing certain duties to be performed by the "owners" of railroad companies and providing a penalty for failure to perform those duties, it is held that the word "owners" is used in the popular, rather than in the technical, sense, and the word is construed "so as to include all who are operating the railroad, whether as owners of the property or as lessees, receivers or the like." *State* v. *Corbett*, 57 Minn. 345, 353; *The State of Missouri to the Use of Ray County* v. *St. Joseph, St. Louis & Santa Fe R. Co.*, 46 Mo. App. 466.

In the last case the court, in construing a statute almost identical with ours except as to the amount of the penalty, among other things, said: "More than this, whether defendant was operating this railroad as absolute owner, lessee, or otherwise, it was liable for the violation by it of the provisions of this statute. It filled the requirement of 'owner' under this statute." See, also, *Baltimore & Ohio Rd. Co.* v. *Walker*, 45 Ohio St. 577.

Since the design of the Legislature in enacting this law was to protect travelers against accidents that might occur at crossings in the operation of trains, were not the precautions prescribed in the statute taken, it would not comport with its purpose to construe it so as to exclude receivers while operating railroads in this State.

In *Chicago, R. I. & P. Ry. Co.* v. *State*, 84 Ark. 409, the statute under consideration was before the court, and we said: "In the construction of statutes regard must be had to their various provisions, and such effect given them as the provisions indicate they were intended to have, and as will render the statute operative. We are of the opinion that the operating corporation is the 'corporation owning the railroad' within the meaning of the statute."

So it may be said here, that the receiver, while operating the railroad under the orders of the Federal Court, is the "owner" within the meaning of the statute.

In *Jordan* v. *Harris*, 98 Ark. 200, speaking of the relation of the receiver of an insolvent corporation, we held (quoting syllabus): "The receiver of an insolvent corporation stands in the place of the corporation, and has only such rights as it had, so that the rights of third parties are not increased, diminished or varied by his appointment." So here the receiver stands in the place of the corporation owning the railroad.

The judgment against appellant for a violation of the statute, as thus construed, is correct, and it is therefore affirmed.